Richard C. Moreno (SBN 190869)
  rmoreno@murchisonlaw.com
Scott L. Hengesbach (SBN 146731)
  shengesbach@murchisonlaw.com
Gina E. Och (SBN 170520)
  goch@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Lawrence R. Cagney (SBN 141845)
  lrc@kriegerlaw.com
**KRIEGER & KRIEGER, A LAW CORPORATION**
249 East Ocean Boulevard, Suite 750
Long Beach, California  90802
Telephone:  (562) 901-2500
Facsimile:  (562) 901-2522

Attorneys for Defendant, COSWAY CO., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE ALBAHAE, CHELSEA ARANJO, MEGAN ARCADI, JESSICA AURIANA, JULIETTE BALL, CHELSEA BALMER, REBECCA BARNHOUSE, TIFFANY BERRY, DONNA BOWEN, ASHLEY BRANNING, EMMA BRODERICK JOANNE BROWN, HEATHER BURKETT-MURPHY, HOLLY BURKHART, HILARY CECILE, MACKENZIE COGLE, ASHLEY COURTNEY, ANGELINA DA GAMA, SARAH DAHAN, HOPE DALEY-DERRY, ROBIN DANIELS, ROXANNA DE LA CRUZ, KATHERINE DONNELLY, BRIANDA EARLE, MONICA EASILY, JACOB EISEN, MICHELLE ESTRADA, SANDRA FERGUSON, AMANDA FONTENOT, DENISHA FREEMAN, HEATHER GARON, JENNIFER GEORGESON, ALANA GREEN, NICOLE HOFF, MONICA HOLLIFIELD INDIVUALLY AND | CASE NO. 2:23-cv-00982-RGK (PLAx) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **[[PROPOSED] ORDER LODGED IN CHAMBERS]** <br><br> Date:    May 15, 2023 <br> Time:    9:00 a.m. <br> Crtrm.:  850, 8th Floor <br>            Roybal Federal Building and <br>            U.S. Courthouse <br><br> Assigned to Hon. R. Gary Klausner, Judge of the United States District Court <br><br> Trial Date:        None Set |

ON BEHALF OF S. H., LAUREN
HUDSON, TIFFANY HUVAL,
ALEHA INGLE, HEATHER
JACKSON, KHILA JAMES, KAT
JOHNSTON, JESSICA JONES
INDIVUALLY AND ON BEHALF
OF P. J., EUNICE KAHLER, TANYA
KARAKASHEVA, KATHLEEN
KEEHNER, LIZA KRENGEL, ANNA
KURILOVA, JULIA LEON, KRISTIE
LETIZIA, TINA LEWIS, LAURA
LLEWELLYN, STACEY LOBDELL,
LLASMIN LOZOYA, LYANA
LUCIANO, KIM MARIETTA,
THERESA MCCORMACK, LESLIE
MCDONALD, LISA MENDEZ, JILL
MOOSHAGIAN, JENNIFER
MORGAN, AMANDA MURPHY,
JESSICA NGUYEN, LESLIE ORR,
HEATHER PASSMORE, SYLVA
PATE, SARA PETTY, DANIELLE
PHELPS, ERICA PILICY-RYAN,
ROBIN POSTON, NICOLE
QUENGA, MELINDA QUINN,
CHARITY REDDISH, NATALIE
REGISTER, JEAN RICCIO SARAH
RICHARDSON, HEATHER RIFE,
ALEXA ROEMER, FELICIA
SANCHEZ, AMY SHAY, FARZANA
SIDDIQUEI, DANIELLE SIGMON,
RHIANNON SINGER, JODI
SOBIECH, MARIA SOKOLOVA
DEBRA STERLACCI, MIECHA
ISYS THOMAS, VANESSA TOCCO,
NOEL TALERICO, MARINA
TOLIC, LESLIE TOLSTOY,
ALEXANDRA URRESTI,
REBEKAH VALENTINE, TANYA
VALLEJO, JERRIKA VEGA,
CHRISTINA VENTOR, ROBIN
VOGT, TERRI WITTS, ROBIN
YEAGER and MAUREEN
ZAVATONE,

       Plaintiffs,

   vs.

OLAPLEX HOLDINGS, INC. AND
COSWAY CO., INC.,

       Defendants.

1    TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF
2  RECORD:
3    PLEASE TAKE NOTICE that on May 15, 2023, at 9:00 a.m., or as soon
4  thereafter as the matter may heard in Courtroom 850, 8th Floor, of the United States
5  District Court of California, Roybal Federal Building and U.S. Courthouse, located at
6  255 East Temple Street, Los Angeles, CA 90012, Defendant COSWAY CO., INC.,
7  will, and hereby does, move for an order dismissing the claim and prayer for punitive
8  damages from the First Amended Complaint (Dkt. No. 43), for failure to state a claim
9  upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 9(b)
10  and 12(b)(6).
11    Specifically, Defendant requests an order dismissing the claim and prayer for
12  punitive damages on the grounds that Plaintiffs fail to allege sufficient facts plausibly
13  establishing their right to recover punitive damages against this Defendant.
14    This Motion is based upon this Notice of Motion, the accompanying
15  Memorandum of Points and Authorities, the Declaration of Gina E. Och filed
16  concurrently herewith, and [Proposed] Order lodged herewith, and such further oral
17  and/or documentary evidence as may properly be presented at the time of the hearing
18  of this matter, if any.
19    This Motion is made following the conference of counsel pursuant to Local
20  Rule 7-3, which took place on March 20, 2023, March 27, 2023, and March 28,
21  2023.[1]
22  / / /
23  / / /
24  / / /
25  / / /
26
27    [1] As a result of the parties' conference of counsel, Plaintiffs agreed to dismiss the Third
28  Cause of Action for Violation of California Consumer Protection and False Advertising Law against
    Defendant COSWAY CO., INC.

1  DATED:  April 13, 2023                    **MURCHISON & CUMMING, LLP**

2

3                                          By:  _____/s/__*Gina E. Och*_____

4                                               Richard C. Moreno
                                                Gina E. Och
5                                               Attorneys for Defendant, COSWAY CO.,
                                                INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This litigation arises out of the purchase and use of Olaplex hair care products by 100 Plaintiffs around the country and world. First Amended Complaint ("FAC") (Dkt. No. 45), ¶¶ 1, 7-107.  Plaintiffs allege that Defendants COSWAY CO., INC. ("Cosway") and OLAPLEX HOLDINGS, INC. ("Olaplex") jointly designed and manufactured these Olaplex hair care products, and that Olaplex marketed, distributed and sold these products. FAC, ¶¶ 1, 110.

Plaintiffs are asserting the Second Cause of Action for Breach of Implied Warranty, Fourth Cause of Action for Negligence and/or Gross Negligence, Fifth Cause of Action for Product Liability and Strict Product Liability, and Sixth Cause of Action for Unjust Enrichment pled in the FAC against Cosway.  With respect to the Third Cause of Action for Violation of California Consumer Protection and False Advertising Law, Plaintiffs have agreed to dismiss the cause of action against Cosway. Declaration of Gina E. Och, ¶ 3.  In addition to these causes of action, Plaintiffs are suing Cosway for punitive damages. FAC, ¶ 264 of the Fourth Cause of Action for Negligence and/or Gross Negligence, Prayer.

As will be explained more fully, Plaintiffs offer no facts in support of the elements of oppression, fraud, or malice under California Civil Code § 3294, let alone state factual allegations plausibly establishing a claim of or prayer for punitive damages against Cosway as required by Federal Rules of Civil Procedure 9(b) and 12(b)(6). Accordingly, Cosway moves the Court to dismiss the punitive damages claim and prayer against Cosway.

/ / /

/ / /

/ / /

/ / /

## II.

## ARGUMENT

A.  **Plaintiffs' Punitive Damages Claim and Prayer Should Be Dismissed Because Conclusory Allegations and Invalid Inferences Do Not and Cannot Establish Liability for Punitive Damages against Cosway.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal).  At a minimum, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  Consequently, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss").  This means that dismissal is proper if it is vague, conclusory, and fails to set forth any material fact in support of the allegation. N. Star Int'l v. Ariz. Corps. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983).

With respect to a claim of punitive damages, a motion to dismiss is the proper procedural vehicle. Kelley v. Corrections Corp. of Am., 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010); see also Consumer Sols. REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) ("The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)."). While Rule 9(b) provides that "malice, intent, knowledge, and other conditions of mind of a person may be averred generally," Fed. R. Civ. P. 9(b), the FAC must still contain

1   "sufficient factual matter, accepted as true, to state a claim to [punitive damages] that

2   is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570);

3   <u>see also</u> <u>Buehner v. Titlemax of Cal., Inc.</u>, 2021 U.S. Dist. LEXIS 215627, at *4

4   (C.D. Cal. Sept. 23, 2021) (applying <u>Iqbal</u> and <u>Twombly</u> pleading standard to

5   punitive damages allegations).  Again, this means that a dismissal is appropriate

6   where the complaint lacks either a cognizable legal theory or sufficient facts to

7   support a cognizable legal theory. <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d

8   1097, 1104 (9th Cir. 2008).

9          Taking heed of these directives, and by careful examination of Plaintiffs' FAC,

10   the Court can only conclude that Plaintiffs' claim and prayer for punitive damages are

11   utterly lacking because Plaintiffs' general averments of Cosway's purported liability

12   do nothing "to raise a right to relief above the speculative level" against Cosway.

13   <u>Twombly</u>, 550 U.S. at 556.  Accordingly, the Court may and should dismiss the claim

14   and prayer of punitive damages, especially because no amendment can cure the

15   pleading defects.

16   **B.    <u>Plaintiffs' Claim and Prayer for Punitive Damages Should be Dismissed.</u>**

17          Under California Civil Code § 3294, a party may recover punitive damages

18   "[i]n an action for the breach of an obligation not arising from contract, where it is

19   proven by clear and convincing evidence that the defendant has been guilty of

20   oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may

21   recover damages for the sake of example and by way of punishing the defendant."

22   Cal. Civ. Code § 3294(a).

23                  The defendant "must act with the intent to vex, injure or
                    annoy, or with a conscious disregard of the plaintiff's rights.
24                  [Citations.]" Where nonintentional torts involve conduct
                    performed without intent to harm, punitive damages may be
25                  assessed "when the conduct constitutes conscious disregard
                    of the rights or safety of others." "'[A] conscious disregard
26                  of the safety of others may [thus] constitute malice within
                    the meaning of section 3294 of the Civil Code. In order to
27                  justify an award of punitive damages on this basis, the
                    plaintiff must establish that the defendant was aware of the
28                  probable dangerous consequences of his conduct, and that

> he willfully and deliberately failed to avoid those consequences.'" Consequently, to establish malice, "it is not sufficient to show only that the defendant's conduct was negligent, grossly negligent or even reckless."

Bell v. Sharp Cabrillo Hosp., 212 Cal.App.3d 1034, 1043-44 (1989) (citations omitted).

Plaintiffs seek punitive damages based on their Fourth Cause of Action for Negligence and/or Gross Negligence. See FAC, ¶ 264 of the Fourth Cause of Action for Negligence and/or Gross Negligence ("As a direct and proximate result of Defendants' above-referenced negligence and gross negligence, Plaintiffs have suffered and are entitled to recover damages, both compensatory and punitive."). In support of their *negligence* cause of action, Plaintiffs conclusory allege that Defendants "*intentionally* fail[ed] to follow industry standards that prohibit the use of chemicals that are allergens, sensitizers and/or irritants, are carcinogenic, or for which there is inadequate data to determine their safety for use in products used for long or indefinite periods of time on the skin." FAC, ¶ 260 (emphasis added). In addition to Paragraph 260, Plaintiffs rely on allegations pled at Paragraphs 262 and 263. FAC, ¶¶ 262, 263. Thus, according to Plaintiffs, Cosway is negligent because it "breached this duty [of care] by producing, processing, manufacturing, distributing and/or offering for sale the Products in a defective condition that was unsafe for use at home by consumers." FAC, ¶ 259. However, as previously noted, "negligence, even gross negligence[,] is not sufficient to justify an award of punitive damages." Simmons v. S. Pac. Transp. Co., 62 Cal.App.3d 341, 368-69 (1976). For this reason alone, the punitive damages claim should be dismissed.

Despite the allegations pled in the FAC, during the conference of counsel, Plaintiffs indicated that they are also relying on allegations pled in support of their Fifth Cause of Action for Product Liability and Strict Product Liability. "Punitive damages may be awarded in a product liability action if it is shown that the defendant placed a product on the market in conscious disregard of the safety of consumers and

1  others." <u>Ehrhardt v. Brunswick, Inc.</u>, 186 Cal.App.3d 734, 741 (1986).  "Conscious
2  disregard" means that the defendant "was aware of the probable dangerous
3  consequences of his conduct, and that he willfully and deliberately failed to avoid
4  those consequences." <u>Butte Fire Cases</u>, 24 Cal.App.5th 1150, 1159 (2018). Thus,
5  defendant must "have actual knowledge of the risk of harm it is creating and, in the
6  face of that knowledge, fail to take steps it knows will reduce or eliminate the risk of
7  harm." <u>King v. U.S. Bank Nat'l Ass'n</u>, 53 Cal.App.5th 675, 711 (2020); <u>Hardeman v.</u>
8  <u>Monsanto Co.</u>, 997 F.3d 941, 971 (9th Cir. 2021).

9         Here, as the Court will note, there are no punitive allegations pled in
10  connection with Plaintiffs' Fifth Cause of Action for Product Liability and Strict
11  Product Liability as to Cosway.  Regardless, Plaintiffs essentially allege that
12  "Cosway designs and assists in the marketing of the Products," the products are
13  defective as a result of the design, and the "Products are [also] defective due to
14  inadequate and unsafe warnings/instructions for use of the Products" and because the
15  "post-market warnings/instructions are inadequate and unsafe…." FAC, ¶¶ 266-268.
16  Plaintiffs further contend that the Court may infer, *inter alia*, that Cosway
17  participated in the design of warnings and instructions for use due to its alleged
18  participation in the design of the products.

19         When it comes to knowledge, Plaintiffs merely allege that the design of the
20  hair care products is dangerous because the alleged use of ingredients known to be
21  irritants, sensitizers, and carcinogens. FAC, ¶¶ 119-120, 124.  As previously noted in
22  connection with their negligence cause of action, Plaintiffs simply conclude:
23  "Defendants knew, or in the exercise of reasonable care should have known, that the
24  Products present an unacceptable risk to consumers, and would result in damages that
25  were foreseeable and reasonably avoidable." FAC, ¶ 262.  Even if accepting these
26  allegations as true, at most, it shows negligence or non-deliberate conduct by Cosway
27  in the alleged design of the product, not Cosway's "conscious disregard" of Plaintiffs'
28  safety or its "*actual* knowledge of the risk of harm it is creating and, in the face of

that knowledge, [its] fail[ure] to take steps it knows will reduce or eliminate the risk

of harm" in support of punitive damages. <u>King</u>, 53 Cal.App.5th at 711.  Simply

because Plaintiffs may have set forth allegations of negligence or products liability

does not mean that they have set forth malicious or oppressive conduct by Cosway

sufficient to warrant a plausible claim for punitive damages.

Finally, Cosway also seeks to dismiss Plaintiffs' request for punitive damages

on the basis that the FAC does not adequately plead the requirements for recovery of

such damages against a corporation under § 3294(b). California Civil Code § 3294(b)

provides:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(b).

"An employer shall not be liable for damages pursuant to subdivision (a),

based upon acts of an employee of the employer, unless the employer … was

personally guilty of oppression, fraud, or malice. With respect to a corporate

employer, the … act of oppression, fraud, or malice must be on the part of an officer,

director, or managing agent of the corporation." <u>Colucci v. T-Mobile USA, Inc.</u>, 48

Cal.App.5th 442, 451 (2020). Consequently, California federal district courts have

consistently held that a plaintiff who seeks punitive damages against a corporate

defendant must plead more than "non-conclusory allegations that an officer, director

or managing agent of the defendant authorized or ratified the conduct that constitutes

malice, fraud or oppression." <u>Bose v. Wahl Clipper Corp.</u>, No. CV 11-06087 MMM

(SHx), 2012 WL 12861186, at *6 (C.D. Cal. Mar. 29, 2012); <u>see also</u> <u>Rhynes v.</u>

1  <u>Stryker Corp.</u>, No. 10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011)

2  (holding that "conclusory allegations of authorization or ratification fail to satisfy

3  federal pleading standards" where the plaintiff has not "alleged a single fact tending

4  to show that any officer, director, or managing agent took any action amounting to

5  authorization or ratification of the alleged misconduct or had knowledge of the

6  unfitness of any employee").

7         In this case, Plaintiffs argue that they are seeking punitive damages against

8  Cosway, a corporation or corporate employer, directly and not because of its

9  employees.  However, Plaintiffs misapprehend California Civil Code § 3294(b), and

10  that Cosway is a corporation, not any individual employer, and it can only act through

11  its employees, officer, director, or managing agent.  As previously stated, Plaintiffs

12  just allege: "As a direct and proximate result of Defendants' above-referenced

13  negligence and gross negligence, Plaintiffs have suffered and are entitled to recover

14  damages, both compensatory and punitive," and nothing more.  FAC, ¶ 264.  These

15  allegations are merely conclusory. Further, Plaintiffs fail to identify any individual at

16  Cosway, or even an officer, director, or managing agent of Cosway.  Moreover,

17  Plaintiffs fail to plead any facts demonstrating that an individual at Cosway

18  authorized, ratified, or had knowledge of any act of malice. Therefore, in the absence

19  of such allegations, the FAC fails to plead a punitive damages claim against a

20  corporation under § 3294(b). <u>See</u> <u>O'Brien v. HII Ins. Sols.</u>, No. 2:20-cv-02115-KJM-

21  AC, 2021 WL 1060398 (E.D. Cal. Mar. 19, 2021) (dismissing a punitive damages

22  claim that included only a "conclusory statement" of authorization or ratification with

23  no supporting facts).

24         In sum, Plaintiffs' FAC relies on conclusions, not factual allegations to show

25  that they are entitled to a plausible claim for punitive damages against Cosway.

26  Indeed, Plaintiffs have failed to show that Cosway's alleged conduct rose to the level

27  of oppression, fraud, or malice, or that Cosway either authorized or ratified

28  oppressive, malicious, or fraudulent conduct by an unfit Cosway employee.

1  Accordingly, the Court should dismiss the claim and prayer for punitive damages
2  from the FAC.

3                                          **III.**

4                                    **CONCLUSION**

5          For the reasons stated above, Defendant COSWAY CO., INC. respectfully
6  requests that the Court grant its motion in its entirety.

7

8  DATED:  April 13, 2023                **MURCHISON & CUMMING, LLP**

9

10                                  By:  ___*/s/ Gina E. Och*___
11                                       Richard C. Moreno
                                         Gina E. Och
12                                       Attorneys for Defendant, COSWAY CO.,
13                                       INC.

## DECLARATION OF GINA E. OCH

I, Gina E. Och, declare and state:

I am an attorney-at-law licensed to practice in the State of California and I am a partner with Murchison & Cumming, LLP, counsel of record herein for Defendant, COSWAY CO., INC.  I am one of the attorneys at our firm responsible for handling the defense of this matter on behalf of Defendant, COSWAY CO., INC., and, on this basis, and upon such other bases set forth below, I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would competently testify to them under oath if called as a witness.

1.     This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 20, 2023, March 27, 2023, and March 28, 2023.

2.     As part of the parties' meet and confer process, Plaintiffs agreed that they would dismiss the Third Cause of Action for Violation of California Consumer Protection and False Advertising Law against Defendant COSWAY CO., INC., which Defendant COSWAY CO., INC. accepted.

3.     The parties, however, could not reach an agreement with respect to the claim and prayer of the punitive damages pled in the First Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of April, 2023, at Los Angeles, California.



_____
Gina E. Och

1

<u>**PROOF OF SERVICE**</u>

2

**Michelle Albahae vs. Olaplex Holdings, Inc.**
**2:23-cv-00982-RGK-PLAx**

3

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.
I am employed in the County of Los Angeles, State of California.  My business
address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

5

6

On April 13, 2023, I served true copies of the following document(s) described
as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the
interested parties in this action.

7

8

9

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION**:  Pursuant to the E-Filing
System of the United States District Court, Central District of California, to the
parties at the e-mail addresses on the Court's website.

11

12

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office of
a member of the bar of this Court at whose direction the service was made.

13

14

Executed on April 13, 2023, at Los Angeles, California.

15

16

_____
Michelle L. Fisher

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:23-cv-00982-RGK (PLAx)