Jennifer S. Romano (State Bar No. 195953)
JRomano@crowell.com
Sigourney R. Haylock (State Bar No. 318195)
SHaylock@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Cheryl A. Falvey (Admitted *pro hac vice*)
CFalvey@crowell.com
Rachel P. Raphael (Admitted *pro hac vice*)
RRaphael@crowell.com
Hilary Johnson (Admitted *pro hac vice*)
HJohnson@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2975
Facsimile: (202) 628-5116

*Attorneys for Defendant*
OLAPLEX Holdings, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ALBAHAE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OLAPLEX HOLDINGS, INC. and COSWAY CO., INC., <br><br> Defendants. | Case No. 2:23-cv-00982 <br><br> **OLAPLEX HOLDINGS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date: June 12, 2023 <br> Time: 9:00 AM <br><br> Judge: Hon. R. Gary Klausner <br> Courtroom: 850 |

Crowell
& Moring LLP
Attorneys at Law

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

# **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 2

    A.  The Parties. ................................................................................................ 2

    B.  Plaintiffs Broadly Allege Personal Injury Without Facts To Support a Defective Product Or A Connection To Their Claims. ........................... 3

    C.  Plaintiffs' Attacks On Olaplex's Advertising and Business Practices Also Are Devoid of Facts. ....................................................... 5

    D.  Each of the 101 Plaintiffs Brings Six Causes of Action. ......................... 6

LEGAL STANDARD ............................................................................................... 6

ARGUMENT ............................................................................................................ 7

I.    The FAC Should Be Dismissed In Its Entirety Because It Does Not Satisfy Pleading Standards Or State A Claim For Relief (All Counts). ....................................................................................................... 7

    A.  The FAC Is A Shotgun Pleading In Violation Of Rule 8. ...................... 7

    B.  The Bare Allegations Are Not Tied To Any Product And Fail To Plead Causation As Required For Each Of Plaintiffs' Claims. ............... 7

II.   Plaintiffs Fail To Plead California Statutory Claims (Count 3). ...................... 9

    A.  Non-California Plaintiffs Cannot Invoke The UCL Or FAL. .................. 9

    B.  Plaintiffs' FAL and UCL Claims Do Not Satisfy Rule 9(b). ............... 10

    C.  Plaintiffs Fail To Identify Actionable Misrepresentations. .................. 11

    D.  Plaintiffs Do Not Allege An Unlawful Act. ......................................... 13

    E.  Plaintiffs' Requested Relief Is Improper And Precluded By Their Legal Claims. ............................................................................... 15

III.  Plaintiffs Fail To Plead Warranty Claims (Counts 1 & 2). ........................... 16

    A.  Plaintiffs Warranty Allegations Do Not Satisfy Rule 9(b). ................. 16

    B.  Plaintiffs' Breach of Express Warranty Claims Are Not Based On Actionable Misrepresentations. ...................................................... 17

    C.  Plaintiffs Do Not Allege Unmerchantability As Required For Breach Of Implied Warranty. ................................................................ 19

    D.  Certain Plaintiffs' Warranty Claims Fail For Lack Of Notice. ............ 21

    E.  Privity Requirements Bar Certain Plaintiffs' Warranty Claims............ 22

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-i-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

F.   The Warranty Claims for Plaintiffs in Connecticut, Kansas, Louisiana, New Jersey, and Ohio Have Further Deficiencies. ....................................23

IV.   Plaintiffs Fail to State Negligence And Product Liability Claims (Counts 4 & 5)....................................................................................24

A.   Plaintiffs Do Not Identify A Design Defect................................24

B.   Plaintiffs Fail to Allege A Safer Alternative Design. ................25

C.   Certain Plaintiffs' Product Liability and Negligence Claims Are Otherwise Not Viable. ..........................................................26

V.   Plaintiffs Fail To Plead Their Unjust Enrichment Claims (Count 6). .............28

CONCLUSION.................................................................................30

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adelman-Tremblay v. Jewel Cos.*,
   859 F.2d 517 (7th Cir. 1988) .................................................................25

*Adkins v. Nestle Purina PetCare Co.*,
   973 F. Supp. 2d 905 (N.D. Ill. 2013) .....................................................29

*Allen v. Minnstar, Inc.*,
   8 F.3d 1470 (10th Cir. 1993) ..................................................................26

*Allstate Indem. Co. v. Fla. Rehab & Injury Ctrs. Longwood, Inc.*,
   2016 WL 7177624 (M.D. Fla. July 26, 2016) ........................................28

*Alsea Veneer, Inc. v. State*,
   862 P.2d 95 (D. Or. 1993) ......................................................................28

*Alvarez v. Chevron Corp.*,
   656 F.3d 925 (9th Cir. 2011) ..................................................................22

*Am. Nat'l Ins. Co. v. Akopyan*,
   2021 WL 2792313 (C.D. Cal. Apr. 8, 2021) ...........................................16

*Amos v. Brew Dr. Kombucha, LLC*,
   2020 WL 9889190 (D. Or. Mar. 23, 2020) .............................................29

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..................................................12

*In re Apple & AT & T iPad Unlimited Data Plan Litig.*,
   802 F. Supp. 2d 1070 (N.D. Cal. 2011).................................................28

*Aprigliano v. Am. Honda Motor Co.*,
   979 F. Supp. 2d 1331 (S.D. Fla. 2013)....................................................18

*Arabian v. Organic Candy Factory*,
   2018 WL 1406608 (C.D. Cal. Mar. 19, 2018) ....................................6, 16, 17, 28

*Archer v. Holmes*,
   2018 WL 534475 (N.D. Ga. Jan. 23, 2018) ............................................29

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*Arlandson v. Hartz Mountain Corp.*,
    792 F. Supp. 2d 691 (D.N.J. 2011)..................................................29

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................6, 25

*In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*,
    2018 WL 2929831 (N.D. Ga. June 8, 2018) ....................................22

*Auto Club Grp. Ins. Co. v. All-Glass Aquarium Co., Inc.*,
    716 F. Supp. 2d 686 (E.D. Mich. 2010) ..........................................24

*Aziz v. Allstate Ins. Co.*,
    2015 WL 13688049 (E.D. Mo. Feb. 27, 2015) ..................................28

*Baca v. Johnson & Johnson*,
    2020 WL 6450294 (D. Ariz. Nov. 2, 2020) ........................8, 9, 23, 24

*Baney Corp. v. Agilysys NV, LLC*,
    773 F. Supp. 2d 593 (D. Md. 2011) ................................................18

*In re Bang Energy Drink Mktg. Litig.*,
    2020 WL 9815622 (N.D. Cal. Sept. 14, 2020)..................................13

*Barnes as Next Friend of Gibson v. Medtronic, Inc.*,
    2021 WL 3742436 (N.D. Ga. 2021)................................................21

*Barnes v. AstraZeneca Pharms. LP*,
    253 F. Supp. 3d 1168 (N.D. Ga. 2017) ............................................9

*Barnes v. Medtronic, PLC*,
    2019 WL 1353880 (E.D. Mich. Mar. 26, 2019)................................25

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................6

*Berg v. Nat'l Asset Mgmt. Agency*,
    2012 WL 13018419 (N.D. Ga. July 6, 2012)....................................28

*Boris v. Wal-Mart Stores, Inc.*,
    35 F. Supp. 3d 1163 (C.D. Cal. 2014)........................................10, 11

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) ........................................................16

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Bouncing Angels, Inc. v. Burlington Ins. Co.*,
2017 WL 1294004 (C.D. Cal. Mar. 20, 2017) ................................... 24

*Bourbia v. S.C. Johnson & Son, Inc.*,
375 F. Supp. 3d 454 (S.D.N.Y. 2019) ................................... 28

*Brazil v. Dole Food Co.*,
935 F. Supp. 2d 947 (N.D. Cal. 2013) ................................... 11

*Brege v. Lakes Shipping Co., Inc.*,
225 F.R.D. 546 (E.D. Mich. 2004) ................................... 28

*Brown v. Madison Reed, Inc.*,
2022 WL 3579883 (N.D. Cal. Aug. 19, 2022) ................................... 12

*Brucker v. State Farm Mut. Auto. Ins. Co.*,
2017 WL 7732876 (W.D. Pa. 2017) ................................... 19

*Buhland v. Fed. Cartridge Co., Inc*,
2013 WL 12085097 (W.D. Mich. May 9, 2013) ................................... 27

*Bussian v. DaimlerChrysler Corp.*,
411 F. Supp. 2d 614 (M.D.N.C. 2006) ................................... 20

*Bustamante v. Atrium Med. Corp.*,
2020 WL 583745 (S.D.N.Y. Feb. 6, 2020) ................................... 25, 26

*Carter v. L'Oreal USA, Inc.*,
2019 WL 4786949 (S.D. Ala. Sept. 30, 2019) ................................... 21

*Castaneda v. Fila USA, Inc.*,
2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ................................... 17, 18

*Cavanaugh v. Ford Motor Co.*,
2014 WL 2048571 (E.D. N.Y. May 19, 2014) ................................... 24

*Chowning v. Kohl's Dep't Stores, Inc.*,
733 F. App'x 404 (9th Cir. July 31, 2018) ................................... 15

*Clark v. Perfect Bar, LLC*,
2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) ................................... 13

*Clayborn v. Retina Macula Inst.*,
2020 WL 4529611 (C.D. Cal. Apr. 6, 2020) ................................... 8, 9

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-v-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Clements v. Sanofi-Aventis, U.S., Inc.*,
    111 F. Supp. 3d 586 (D.N.J. 2015)................................................................. 23

*Cofresi v. Medtronic*,
    450 F. Supp. 3d 759 (W.D. Tex. 2020) ......................................................... 28

*Coleman v. Bos. Sci. Corp.*,
    2011 WL 3813173 (E.D. Cal. Aug. 29, 2011) .............................................. 22

*Coney v. Mylan Pharm., Inc.*,
    2012 WL 170143 (S.D. Ga. Jan. 19, 2012) .................................................. 24

*Connally v. Sears, Roebuck & Co.*,
    86 F. Supp. 2d 1133,1137-38 (S.D. Ala. 1999).......................................... 25

*Corrigan v. Covidien LP*,
    2022 WL 17094687 (D. Mass. Nov. 21, 2022)....................................... 24, 25

*Cortinas v. Behr Process Corp.*,
    2017 WL 2418012 (E.D. Mo. June 5, 2017) ................................................ 18

*Cozzarelli v. Inspire Pharms. Inc.*,
    549 F.3d 618 (4th Cir. 2008) ......................................................................... 16

*Crockett v. Luitpold Pharm., Inc.*,
    2020 WL 433367 (E.D. Pa. Jan. 28, 2020) .................................................. 27

*Crowe v. Johnson & Johnson*,
    2020 WL 2161052 (S.D. Ala. Jan. 15, 2022) ............................................... 27

*Danaher v. Wild Oats Mkts. Inc.*,
    779 F. Supp. 2d 1198 (D. Kan. 2011) .......................................................... 27

*Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*,
    2011 WL 2893629 (M.D. Ala. July 19, 2011) ............................................. 29

*Del Valle v. Pliva, Inc.*,
    2012 WL 4747259 (S.D. Tex. Sept. 12, 2012)............................................. 27

*Demaria v. Nissan N. Am., Inc.*,
    2016 WL 374145 (N.D. Ill. Feb. 1, 2016).................................................... 29

*Dimuro v. Estee Lauder Cos. Inc.*,
    2013 WL 12080901 (D. Conn. Nov. 22, 2013)............................................ 16

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*Dinsio v. Sears, Roebuck & Co.*,
  2016 WL 4196682 (N.D. Ohio Aug. 9, 2016) ................................... 24

*Dixon v. C.R. Bard, Inc.*,
  2020 WL 6164462 (S.D. Tex. June 16, 2020) ............................ 26, 27

*Dodson v. C.R. Bard, Inc.*,
  2020 WL 7647631 (E.D. Va. Dec. 23, 2020) ................................... 24

*Dorgan v. Ethicon, Inc.*,
  2020 WL 5372134 (W.D. Mo. Sep. 8, 2020) ................................... 27

*Drobnak v. Andersen Corp.*,
  561 F.3d 778,785-86 (8th Cir. 2009) ................................................ 22

*Duffie v. Mich. Grp., Inc.–Livingston*,
  2016 WL 8259511 (E.D. Mich. Jan. 15, 2016) ............................... 28

*Duffy v. Charles Schwab & Co., Inc.*,
  123 F. Supp. 2d 802 (D.N.J. 2000) ................................................. 28

*Dunbar v. Medtronic, Inc.*,
  2014 WL 3056026 (C.D. Cal. June 25, 2014) ................................. 17

*Earthcam, Inc. v. Oxblue Corp.*,
  2012 WL 12836518 (N.D. Ga. 2012) ............................................... 18

*Ehlers v. Ben & Jerry's Homemade, Inc.*,
  2020 WL 2218858 (D. Vt. 2020) ............................................... 21, 28

*Eichin v. Covidien LP*,
  2022 WL 18779711 (D.S.C. Feb. 10, 2022) ................................... 25

*Elkins v. Mylan Lab'ys., Inc.*,
  2013 WL 3224599 (D. Utah June 25, 2013) ................................... 28

*Faustino v. Alcon Lab'ys., Inc.*,
  2015 WL 12839161 (C.D. Cal. Sept. 22, 2015) .............................. 27

*Galvan v. Walt Disney Parks & Resorts, U.S., Inc.*,
  2019 WL 8017806 (C.D. Cal. Dec. 20, 2019) .................................... 1

*FTC v. Garvey*,
  383 F.3d 891 (9th Cir. 2004) ........................................................... 14

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-vii-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
   174 F.R.D. 444 (E.D. Mo. 1997) .................................................................... 17, 19

*In re Gen. Motors LLC Ignition Switch Litig.*,
   2016 WL 3920353 (S.D.N.Y. July 15, 2016) ...................................................... 19

*George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*,
   2022 WL 17330467 (S.D. Cal. Nov. 29, 2022) ..................................................... 7

*Gilks v. Olay Co.*,
   30 F. Supp. 2d 438 (S.D.N.Y. 1998) ................................................................... 25

*Glauberzon v. Pella*,
   2011 WL 1337509 (D.N.J. Apr. 7, 2011) ............................................................ 16

*Gordon v. U.S. Bank, N.A.*,
   741 F. App'x 455 (9th Cir. 2018) .......................................................................... 4

*Green v. W.L. Gore & Assocs., Inc*,
   2020 WL 1666790 (D. Idaho Apr. 3, 2020) ..................................................... 8, 25

*Grenier v. Med. Eng'g Corp.*,
   243 F.3d 200 (5th Cir. 2001) ............................................................................... 26

*Guariglia v. Procter & Gamble Co.*,
   2018 WL 1335356 (E.D.N.Y. Mar. 14, 2018) ....................................................... 8

*Guilford v. Bos. Sci. Corp.*,
   2020 WL 1668279 (W.D. Mo. 2020) ................................................................... 21

*Gunter v. Weston Brands, LLC*,
   2020 WL 3104376 (S.D. Ind. June 11, 2020) ...................................................... 26

*Gustafson v. BAC Home Loans Serv., LP*,
   2012 WL 4761733 (C.D. Cal. Apr. 12, 2012) ...................................................... 10

*Hadley v. Kellogg Sales Co.*,
   324 F. Supp. 3d 1084 (N.D. Cal. 2018) ............................................................... 16

*Hammonds v. Bos. Sci., Inc.*,
   2011 WL 4978369 (W.D. Okla. Oct. 19, 2011) ................................................... 16

*Hang-Well Corp. v. Kenney Mfg. Corp.*,
   1992 WL 253277 (N.D. Ill. Sept. 29, 1992) ........................................................ 16

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-viii-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Harman v. Taurus Int'l Mfg., Inc.*,
    586 F. Supp. 3d 1155 (M.D. Ala. 2022)........................................................21

*Haskins v. Symantec Corp.*,
    654 F. App'x 338 (9th Cir. 2016)..............................................................10

*Holman v. Ali Indus., LLC*,
    2023 WL 1438752 (W.D. Mo. Feb. 1, 2023)............................................22

*Howe v. Ethicon, Inc.*,
    2022 WL 2316375 (S.D.N.Y. June 27, 2022)...........................................27

*Hummel v. Tamko Building Products, Inc.*,
    303 F. Supp. 3d 1288 (M.D. Fla. 2017) ....................................................22

*Hupalo v. Goodyear Tire & Rubber Co.*,
    2019 WL 6330491 (E.D. Mo. Nov. 26, 2019) ..........................................24

*Hyundai Emigration Corp. v. Empower-Visa, Inc.*,
    2009 WL 10687986 (E.D. Va. June 17, 2009)..........................................29

*Imageline, Inc. v. CafePress.com, Inc.*,
    2011 WL 1322525 (C.D. Cal. Apr. 6, 2011)..............................................18

*Jackmack v. Bos. Sci. Corp.*,
    2021 WL 1020981 (M.D. Fla. 2021)..........................................................21

*Jeffries v. Bos. Sci. Corp.*,
    2017 WL 2645723 (D. Md. June 20, 2017) ..............................................27

*Johnson v. Ross*,
    419 F. App'x 357 (4th Cir. 2011)..............................................................29

*In re JUUL Labs, Inc., Mktg Sales Prac. & Prods. Liab. Litig.*,
    2021 WL 3112460 (N.D. Cal. July 22, 2021)...........................................27

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000) .....................................................................29

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...............................................................6, 16

*Kennedy v. Covidien, LP*,
    2019 WL 1429979 (S.D.N.Y. Mar. 29, 2019)..........................................19

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ix-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Knox v. Am. Pro. Assocs., LLC,*
2020 WL 12309021 (N.D. Ga. Dec. 18, 2020) .................................................. 24

*Koken v. Black & Veatch Constr. Inc.,*
426 F.3d 39 (1st Cir. 2005) ........................................................................... 20

*Krulewich v. Covidien, LP,*
498 F.Supp.3d 566 (S.D.N.Y. 2020) ............................................................. 24

*Lauderdale v. Organon USA, Inc.,*
2022 WL 3702113 (W.D. Ark. Aug. 26, 2022) ............................................. 27

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) ........................................................................... 9

*Lenz v. Glob. Tel Link Corp.,*
2016 WL 11756196 (C.D. Cal. Mar. 28, 2016) ............................................. 12

*Loh v. Future Motion, Inc.,*
2022 WL 2668380 (N.D. Cal. July 11, 2022) ........................................... 16, 17

*Lokai Holdings LLC v. Twin Tiger USA LLC,*
306 F. Supp. 3d 629 (S.D.N.Y. 2018) ............................................................ 15

*Lowe v. Mercedes Benz of N. Am., Inc.,*
103 F.3d 118 (4th Cir. 1996) ......................................................................... 20

*MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.,*
715 F. Supp. 2d 786 (N.D. Ill. 2010) ......................................................... 17, 19

*Maneri v. Starbucks Corp. Store #1527,*
2019 WL 5626650 (E.D. Pa. Oct. 31, 2019) ................................................. 20

*Manning & Sons Trucking & Util., LLC v. McCarthy Improvement Co.,*
2018 WL 3008990 (D.S.C. June 14, 2018) .................................................... 28

*Marroquin v. Pfizer, Inc.,*
367 F. Supp. 3d 1152 (E.D. Ca. 2019) ............................................................ 8

*Martinez v. Ford Motor Co.,*
2021 WL 6618873 (C.D. Cal. Nov. 23, 2021) ........................................... 24, 25

*Martinez v. Nissan N. Am., Inc.,*
2022 WL 1063735 (D. Utah 2022) ................................................................. 21

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-x-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*McCoy v. S. Energy Homes, Inc.*,
  2012 WL 1409533 (S.D.W. Va. Apr. 23, 2012) ................................................. 19

*McGrain v. C.R. Bard, Inc.*,
  551 F.Supp.3d 529 (E.D. Pa. 2021).......................................................24, 25, 26

*McKay v. Novartis Pharm. Corp.*,
  934 F. Supp. 2d 898 (W.D. Tex. 2013) ............................................................ 22

*McKinniss v. Gen. Mills, Inc.*,
  2007 WL 4762172 (C.D. Cal. Sept. 18, 2007).................................................. 13

*Metcalfe v. Biomet, Inc.*,
  2019 WL 192902 (D. N.J. 2019)....................................................................... 19

*Miles v. Raymond Corp.*,
  612 F.Supp.2d 913 (N.D. Oh. 2009) ...........................................................23, 26

*Miller v. Kent Nutrition Grp., Inc.*,
  2016 WL 11246420 (N.D. Ohio Sept. 16, 2016) .............................................. 29

*Mitchell v. Proctor & Gamble*,
  2010 WL 728222 (S.D. Ohio Mar. 1, 2010) .................................................... 23

*Mooradian v. FCA US, LLC*,
  2017 WL 4869060 (N.D. Ohio Oct. 27, 2017) ..............................................8, 20

*Mora v. AngioDynamics, Inc.*,
  2022 WL 16640021 (S.D. Tex. Sept. 20, 2022)................................................ 22

*Morgan v. Medtronic, Inc.*,
  172 F. Supp. 3d 959 (S.D. Tex. 2016).............................................................. 21

*Morrill v. Gen. Motors Corp.*,
  967 F.2d 588 (9th Cir. May 29, 1992)..........................................................25, 26

*Mueller v. Puritan's Pride, Inc.*,
  2022 WL 36003 (N.D. Cal. Jan. 4, 2022) ........................................................ 14

*N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*,
  567 F.3d 8 (1st Cir. 2009) ................................................................................. 16

*In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*,
  2015 WL 178130 (D. Mass. Jan. 13, 2015) ..................................................... 27

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-xi-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*O.M. Through McConnell v. KLS Martin LP*,
   560 F.Supp.3d 1084 (N.D. Ohio 2021) ................................................................ 24

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
   798 F. Supp. 2d 831 (S.D. Tex. 2011) .................................................................. 19

*OptoLum, Inc. v. Cree, Inc.*,
   244 F. Supp. 3d 1005 (D. Ariz. 2017) .................................................................. 18

*Park-Kim v. Daikin Indus., Ltd*,
   2016 WL 6744764 (C.D. Cal. Nov. 14, 2016) ...................................................... 24

*Parkinson v. Novartis Pharms, Corp.*,
   5 F. Supp. 3d 1265 (D. Or. 2014) ......................................................................... 21

*Peak v. Kubota Tractor Corp.*,
   924 F. Supp. 2d 822 (E.D. Mich. 2013) ............................................................... 27

*Pearson v. Ethicon, Inc.*,
   2021 WL 4494188 (D. Or. Sep. 30, 2021) ............................................................ 27

*Pellegrin v. C.R. Bard*,
   2018 WL 3046570 (E.D. La. June 20, 2018) ........................................................ 24

*Pinkney v. TBC Corp.*,
   2020 WL 1528544 (D. Kan. Mar. 31, 2020) ........................................................ 28

*Piro v. Exergen Corp.*,
   2016 WL 1255630 (D. Mass. 2016) ...................................................................... 21

*Powell v. Diehl Woodworking Mach., Inc.*,
   198 F. Supp. 3d 628 (E.D. Va. 2016) ................................................................... 25

*Prescott v. Nestle USA, Inc.*,
   2020 WL 3035798 (N.D. Cal. June 4, 2020) ........................................................ 12

*Puri v. Khalsa*,
   674 F. App'x 679 (9th Cir. 2017) ......................................................................... 28

*Ram Int'l Inc. v. ADT Sec. Servs., Inc.*,
   2011 WL 5244936 (E.D. Mich. Nov. 3, 2011) ..................................................... 18

*Rathkey v. Zimmer, Inc.*,
   2022 WL 18359146 (C.D. Cal. Oct. 28, 2022) ...................................................... 7

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*Rayford v. Karl Storz Endoscopy Am., Inc.*,
   2016 WL 4398513 (W.D. La. June 22, 2016) ......................................... 23

*Reed v. NBTY, Inc.*,
   2014 WL 12284044 (C.D. Cal. Nov. 18, 2014) ................................. 11, 12

*Reed v. Pfizer, Inc.*,
   839 F. Supp. 2d 571 (E.D.N.Y 2012) (WV) ......................................... 26

*Reser's Fine Foods, Inc. v. Walker Produce Co., Inc.*,
   2008 WL 1882671 (D. Idaho 2008) ..................................................... 21

*Richards v. Michelin Tire Corp.*,
   21 F.3d 1048 (11th Cir. 1994) ............................................................. 25

*Rile v. Alpha Techs., Inc.*,
   2006 WL 515534 (W.D. Pa. Feb. 28, 2006) ....................................... 24

*Risner v. Regal Marine Indus., Inc.*,
   8 F. Supp. 3d 959 (S.D. Ohio 2014) .................................................... 19

*U.S. v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ..................................................... 4, 5, 15

*Robinson v. McNeil Consumer Healthcare*,
   615 F.3d 861 (7th Cir. 2010) ............................................................... 21

*Rodriguez v. Just Brands USA, Inc.*,
   2021 WL 1985031 (C.D. Cal. May 18, 2021) ............................... 15, 16

*Rogers v. Organon USA, Inc.*,
   2014 WL 3853451 (E.D. Cal. Aug. 5, 2014) ........................................ 8

*Romain v. State Farm Fire & Cas. Co.*,
   2022 WL 16798055 (E.D.N.Y. Nov. 8, 2022) .................................... 24

*Rombach v. Chang*,
   355 F.3d 164 (2nd Cir. 2004) ............................................................. 16

*Romero v. Flowers Bakeries, LLC*,
   2015 WL 2125004 (N.D. Cal. May 6, 2015) ...................................... 17

*Rubenstein v. Neiman Marcus Grp. LLC*,
   687 F. App'x 564 (9th Cir. Apr. 18, 2017) ......................................... 14

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-xiii-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Rudd v. Borders, Inc.*,
  2009 WL 4282013 (S.D. Cal. Nov. 25, 2009) .................................................. 14

*Rugg v. Johnson & Johnson*,
  2018 WL 3023493 (N.D. Cal. June 18, 2018) .................................................. 19

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................. 21

*Santos v. SANYO Mfg. Corp.*,
  2013 WL 1868268 (D. Mass. May 3, 2013) .................................................. 16

*Sardis v. Overhead Door Corp.*,
  10 F.4th 268 (4th Cir. 2021) .................................................. 27

*Savu v. Purolite Co.*,
  2023 WL 2163181 (D. Md. 2023) .................................................. 21

*Schechner v. Whirlpool Corp.*,
  237 F. Supp. 3d 601 (E.D. Mich. 2017) .................................................. 22, 29

*Schertzer v. Samsonite Co. Stores, LLC*,
  2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) .................................................. 14

*Schmidt v. Ford Motor Co.*,
  972 F. Supp. 2d 712 (E.D. Pa. 2013) .................................................. 29

*Schulz v. Medtronic, Inc.*,
  2022 WL 503960 (D. Conn. Feb. 18, 2022) .................................................. 24

*Sec. Sys., Inc v. Alder Holdings, LLC*,
  421 F. Supp. 3d 1186 (D. Utah 2019) .................................................. 29

*Sgaliordich v. Lloyd's Asset Mgmt.*,
  2012 WL 4327283 (E.D.N.Y. Sept. 20, 2012) .................................................. 28

*Shaker v. Champion Petfoods USA, Inc.*,
  2022 WL 4002889 (E.D. Mich. 2022) .................................................. 21, 22

*Shaulis v. Nordstrom, Inc.*,
  865 F.3d 1 (1st Cir. 2017) .................................................. 28

*Smith v. Apple, Inc.*,
  2009 WL 3958096 (N.D. Ala. Nov. 4, 2009) .................................................. 22

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-xiv-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Smith v. Ethicon, Inc.*,
 2020 WL 9071685 (N.D. Fla. Dec. 28, 2020)...................................................27

*Smith v. Phx. Seating Sys., LLC*,
 894 F. Supp. 2d 1088 (S.D. Ill. 2012) .............................................................25

*Sollberger v. Wachovia Sec., LLC*,
 2010 WL 2674456 (C.D. Cal. June 30, 2010).....................................................7

*Soule v. Hilton Worldwide, Inc.*,
 1 F. Supp. 3d 1084 (D. Haw. 2014) .................................................................28

*Souter v. Edgewell Pers. Care Co.*,
 542 F. Supp. 3d 1083 (S.D. Cal. 2021) ...........................................................19

*Sparks v. Medtronic, Inc.*,
 2021 WL 2649235 (M.D. Fl. June 28, 2021) ...................................................24

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001) .............................................................................6

*Stearns v. Select Comfort Retail Corp.*,
 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...................................................20

*Stuve v. Kraft Heinz Co.*,
 2023 WL 184235 (N.D. Ill. 2023)....................................................................18

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) ....................................................................11, 18

*Sykes v. Bayer Pharms. Corp.*,
 548 F. Supp. 2d 208 (E.D. Va. 2008)...............................................................28

*T.W.M. v. Am. Med. Sys., Inc.*,
 886 F. Supp. 842 (N.D. Fla. 1995) ..................................................................23

*Taft v. Nabisco*,
 2015 WL 12819144 (C.D. Cal. June 4, 2015)....................................................8

*Tavassoli v. Altria Grp, Inc.*,
 2007 WL 9725046 (D. Ariz. 2007) ..................................................................21

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*
 *Coordinated Pretrial Proceedings.*,
 159 F. Supp. 3d 898 (N.D. Ill. 2016)................................................................28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-xv-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

*Texas Carpenters Health Ben. Fund v. Philip Morris, Inc.*,
   21 F. Supp. 2d 664 (E.D. Tex. 1998) ................................................................ 28

*Thomas v. Vigilant Ins. Co.*,
   594 F. Supp. 3d 499 (D. Conn. 2022) ............................................................... 18

*Tidenberg v. Bidz.com, Inc.*,
   2009 WL 605249 (C.D. Cal. Mar. 4, 2009) ..................................................... 10

*Truxel v. Gen. Mills Sales, Inc.*,
   2019 WL 3940956 (N.D. Cal. Aug. 13, 2019) ........................................... 10, 13

*Univalor Tr., SA v. Columbian Petrol., LLC*,
   315 F.R.D. 374 (S.D. Ala. 2016) ..................................................................... 28

*Va. Sur. Co., Inc. v. Macedo*,
   2009 WL 3230909 (D.N.J. Sept. 30, 2009) ..................................................... 28

*In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*,
   2021 WL 364663 (D.N.J. Feb. 3, 2021) ..................................................... 23, 26

*Vazquez v. Gen. Motors, LLC*,
   2018 WL 447644 (S.D. Fla. Jan. 16, 2018) ..................................................... 28

*Villarreal v. Navistar, Inc.*,
   2022 WL 14708977 (N.D. Tex. Mar. 8, 2022) ................................................. 24

*Viscusi v. Proctor & Gamble*,
   2007 WL 2071546 (E.D.N.Y. July 16, 2007) .................................................. 21

*Vitt v. Apple Comput., Inc.*,
   2010 WL 11545683 (C.D. Cal. May 21, 2010) ............................................... 12

*Vitt v. Apple Comput., Inc.*,
   469 F. App'x 605 (9th Cir. 2012) ..................................................................... 18

*Walters v. Pella Corp.*,
   2015 WL 2381335 (D.S.C. May 19, 2015) ................................................ 17, 19

*Warner-Borkenstein v. Am. Med. Sys., Inc.*,
   2020 WL 364019 (N.D. Ind. Jan. 21, 2020) .................................................... 27

*Weinberg v. Grand Circle Travel, LCC*,
   891 F. Supp. 2d 228 (D. Mass. 2012) .............................................................. 27

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*Williams v. Apple, Inc.*,
    449 F. Supp. 3d 892 (N.D. Cal. 2020)........................................................10, 11

*Wolfe v. McNeil-PPC, Inc.*,
    773 F. Supp. 2d 561 (E.D. Pa. 2011)...............................................................20

*Yates v. Ortho-McNeil-Janssen Pharms., Inc.*,
    808 F.3d 281 (6th Cir. 2015) ...........................................................................17

*Young v. Bishop Est.*,
    2010 WL 715476 (D. Haw. Feb. 26, 2010)......................................................27

*Indiana ex rel. Zoeller v. Pastrick*,
    696 F. Supp. 2d 970 (N.D. Ind. 2010) ..............................................................28

**State Cases**

*Aghaji v. Bank of Am., N.A.*,
    247 Cal. App. 4th 1110 (2016) ...........................................................................9

*Am. Suzuki Motor Corp. v. Super. Ct.*,
    37 Cal. App. 4th 1291 (1995) .....................................................................19, 20

*Bank of Am. Corp. v. Gibbons*,
    918 A.2d 565 (Md. Ct. Spec. App. 2007) .........................................................29

*Banks v. Nationwide Mut. Fire Ins. Co.*,
    2000 WL 1742064 (Ohio Ct. App. Nov. 28, 2000) ..........................................28

*Boud v. SDNCO, Inc.*,
    54 P.3d 1131 (Utah 2002) ................................................................................19

*Cmty. Guardian Bank v. Hamlin*,
    898 P.2d 1005 (Ariz. 1995) ..............................................................................28

*Dorman v. State Indus., Inc.*,
    787 S.E.2d 132 (Va. 2016) ...............................................................................20

*Driver v. Burlington Aviation, Inc.*,
    430 S.E.2d 476 (N.C. Ct. App. 1993) ...............................................................27

*Feiger v. I-Deal Auto Sales, Inc.*,
    1997 WL 691450 (Ohio Ct. App. Oct. 31, 1992)..............................................20

CROWELL
& MORING LLP
ATTORNEYS AT LAW

*Ford Motor Co. v. Ocanas*,
   138 S.W.3d 447 (Tex. App. 2004) ...................................................................17

*Gerrity v. R.J. Reynolds Tobacco Co.*,
   818 A.2d 769 (Conn. 2003) ...........................................................................23

*Golden v. Den-Mat Corp.*,
   276 P.3d 773 (Kan. Ct. App 2012) ..............................................................18

*Granito v. Int'l Bus. Machs.*,
   2003 WL 1963161 (Conn. Super. Ct. Apr. 16, 2003) .....................................29

*Guinn v. Hoskins Chevrolet*,
   836 N.E.2d 681 (Ill. Ct. App. 2005) ...........................................................28

*Guzman v. MRM/Elgin*,
   567 N.E.2d 929 (Mass. 1991) .......................................................................26

*Hawks v. Brindle*,
   275 S.E.2d 277 (N.C. Ct. App. 1981) ..........................................................28

*Jensen v. Seigel Mobile Homes Grp.*,
   668 P.2d 65 (Idaho 1983) .............................................................................18

*Kesling v. Hubler Nissan, Inc.*,
   997 N.E.2d 327 (Ind. 2013) .........................................................................18

*Kia Motors Am. Corp. v. Butler*,
   985 So. 2d 1133 (Fla. Dist. Ct. App. 2008) ....................................................8

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal. 4th 164 (2001) ................................................................................14

*Mannos v. Moss*,
   155 P.3d 1166 (Idaho 2007) .......................................................................28

*Minsa Corp. v. SFTC, LLC*,
   540 S.W. 3d 155 (Tex. App. 2017) .................................................................8

*Morris v. Pathmark Corp.*,
   592 A.2d 331 (Pa. Super. Ct. 1991) ............................................................21

*Mountain State Coll. v. Holsinger*,
   742 S.E.2d 94 (W. Va. 2013) .......................................................................28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-xviii-

*Oggi Trattoria & Caffe, Ltd. v. Izusu Motors Am., Inc.*,
   865 N.E.2d 334 (Ill. App. Ct 2007)..............................................................20

*Pai v. Springs Indus., Inc.*,
   18 A.D.3d 529 (N.Y. App. Div. 2005) ...........................................................20

*Patton v. Hutchinson Wil-Rich Mfg. Co.*,
   861 P.2d 1299 (Kan. 1993).............................................................................23

*Peoples Nat'l Bank of Com. v. First Union Nat'l Bank of Fla., N.A.*,
   667 So.2d 876 (Fla. Dist. Ct. App. 1996).......................................................29

*Powers v. Office of Child Support*,
   795 A.2d 1259 (Vt. 2002)...............................................................................28

*R.M. Harrison Mech. Corp. v. Decker Indus., Inc.*,
   2008 WL 10669311 (Va. Cir. Ct. Aug. 28, 2008)..........................................28

*Rossman v. Herb Chambers Com Ave., Inc.*,
   957 N.E.2d 254 (Mass. App. Ct. 2011) ..........................................................18

*Russell v. Wilson*,
   991 So. 2d 745 (Ala. Civ. App. 2008).............................................................18

*Simonsen v. Ford Motor Co.*,
   102 P.3d 710 (Or. Ct. App. 2004) ...................................................................23

*Thorpe v. Wash. City*,
   243 P.3d 500 (Utah Ct. App. 2010).................................................................28

*Torres v. Nw. Eng'g Co.*,
   949 P.2d 1004 (Haw. Ct. App. 1997)..............................................................18

*Tyson v. Ciba-Geigy Corp.*,
   347 S.E.2d 473 (N.C. Ct. App. 1986) .............................................................19

*Wilson v. Piper Aircraft Corp.*,
   577 P.2d 1322 (Or. 1978)................................................................................25

*Winslow v. Lewis-Shepard, Inc.*,
   562 A.2d 517 (Conn. 1989).............................................................................26

**Regulations**

16 C.F.R. § 255 ...................................................................................................13, 14

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-xix-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

16 C.F.R. § 255.0(a) ..................................................................................... 14

16 C.F.R. § 255.1 ................................................................................... 14, 15

21 C.F.R. § 182.3013 ...................................................................................... 3

21 C.F.R. § 184.1033 ...................................................................................... 3

21 C.F.R. § 184.1212 ...................................................................................... 4

21 C.F.R. § 184.1733 ...................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ......................................................................... 6, 9, 24

Fed. R. Civ. P. 8 ........................................................................... 7, 11, 16, 24

Fed. R. Civ. P. 8(a) ......................................................................................... 7

Fed. R. Civ. P. 8(a)(2) .................................................................................... 7

Fed. R. Civ. P. 8(d)(1) ................................................................................... 7

Fed. R. Civ. P. 9(b) ............................................................................... *passim*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

**INTRODUCTION**

Olaplex Holdings, Inc. ("Olaplex") is a prestige haircare brand, with patent-protected products that help users achieve stronger, healthier-looking hair. Olaplex extensively tests its many products and works with third-party manufacturing facilities that are required by contract to follow robust quality assurance practices. Olaplex's products are safe; Olaplex's products are effective; and Olaplex's products are enjoyed by millions of happy customers all over the world.

The First Amended Complaint ("FAC") is a morass of seemingly unrelated and sometimes incomprehensible assertions with no connection to any specific Olaplex product. Plaintiffs speculate that some unknown subset of Olaplex products contains ingredients with the potential for irritation, and they conjure up a parade of potential horribles that are disconnected from the products they purport to have purchased or the injuries they allege. After this falls short, plaintiffs take aim at Olaplex's advertising as well as positive statements made by various sources, including third parties with no connection to Olaplex. Plaintiffs' conclusory allegations are unsupported by fact or science, and in various instances, are knowingly false.[1] The ingredients under attack are used throughout the personal care industry, and are safe at concentrations far higher than those in Olaplex's products, where even present at all. Olaplex complies with all applicable rules and regulations in the manufacture, sale, and promotion of its products, and its product labels clearly list all ingredients.

Nevertheless, plaintiffs seek relief for alleged personal injuries and assert warranty, negligence, product liability, consumer protection, and unjust enrichment

---

[1] For example, plaintiffs assert that Olaplex has "refused to provide" testing even though it publicly released results from its Human Repeat Insult Patch testing (HRIPT), and plaintiffs' own counsel commented publicly on that testing weeks before filing the FAC. *Compare* https://www.businessinsider.com/olaplex-responds-after-lawsuit-claims-hair-loss-2023-2 *with* FAC, ECF No. 43 at 67. This allegation reflects a lack of candor to the Court. *Galvan v. Walt Disney Parks & Resorts, U.S., Inc.*, 2019 WL 8017806, at *1 (C.D. Cal. Dec. 20, 2019).

claims. Not only do plaintiffs' claims lack merit, they fail as a matter of law.[2]

**First**, the FAC is a shotgun pleading full of conclusory allegations. Plaintiffs fail to state a claim because they do not identify a defect, do not tie any claim to any product, and they plead no facts to show causation.

**Second**, the non-California plaintiffs cannot bring claims under California's Unfair Competition Law (UCL) or False Advertising Law (FAL). And these claims otherwise fail as to all plaintiffs because they are insufficiently plead, precluded by adequate legal remedies, and the relief sought is not available under these statutes.

**Third**, plaintiffs' implied and express warranty claims fail because they are not pled with specificity, and plaintiffs do not identify misrepresentations or sufficiently allege unmerchantability. Certain warranty claims are also subsumed by state statutes, and are barred by a lack of privity or adequate notice.

**Fourth**, plaintiffs' negligence and products liability claims fail because plaintiffs do not identify a defect that renders Olaplex's products unreasonably dangerous or gives rise to a duty to warn. Some of these claims also fail because plaintiffs do not plead an alternative design or the requisite degree of misconduct, and because these claims are not recognized under applicable state law or are subsumed by state statues and other claims.

**Finally**, plaintiffs' unjust enrichment claims are precluded by adequate legal remedies, because certain plaintiffs did not confer a direct benefit on Olaplex, and because the claims are subsumed by state product liability statutes.

## FACTUAL BACKGROUND

### A.   The Parties.

Olaplex is a leading prestige hair care company. Its line of retail and salon

---

[2] Under California choice of law principles, plaintiffs' claims are governed by the laws of the states where they reside, purchased products, and purportedly suffered injury. *See* Olaplex's Mot. to Sever Plaintiffs' Claims ("Mot. to Sever"). Even if California law does govern all claims (it does not), dismissal is warranted. A chart summarizing the grounds for dismissing each plaintiff's claims can be found at **Exhibit A**.

CROWELL & MORING LLP
ATTORNEYS AT LAW

professional products are protected by over 160 worldwide patents. Each of Olaplex's products is formulated by cosmetic chemists and reputable manufacturers, including Cosway Company ("Cosway"), which are regulated by the U.S. Food and Drug Administration ("FDA) and are required by contract to use Good Manufacturing Practices—a recognized system for ensuring that Olaplex's products are produced in accordance with quality standards.

Cosway is a contract manufacturer of personal care and over-the-counter products with more than 50 years of experience in research and development, regulatory compliance, and quality management. Cosway manufactures some but not all of Olaplex's products.

Plaintiffs are 101 consumers who allegedly purchased different combinations of 14 different retail and salon professional Olaplex products from different sources in 29 different U.S. states and 5 foreign countries over different periods of time. Plaintiffs claim without support that ingredients in unspecified Olaplex products caused them harm. FAC ¶¶ 148-248[3].

## B.  Plaintiffs Broadly Allege Personal Injury Without Facts To Support a Defective Product Or A Connection To Their Claims.

Plaintiffs allege that Olaplex's products have the potential to cause different skin and hair issues and are responsible for injuries ranging from "hair loss" to "poor hair condition." *Id.* But plaintiffs plead no facts to support their critiques of Olaplex's products or any connection to the injuries they claim.

Contrary to scientific literature, plaintiffs speculate that certain ingredients in some of Olaplex's products, such as sodium benzoate and vitamin C, combine to form benzene, a carcinogen.[4] FAC ¶ 120. But they do not allege purchasing or

---

[3] The FAC contains two sets of paragraphs numbered 231 through 248.  For simplicity, any reference to the second set of paragraphs will be referred to with an asterisk (*).

[4] FDA and CIR (an independent, non-profit scientific body that assesses the safety of U.S. cosmetics) recognize these ingredients as safe. *See* 21 C.F.R. § 184.1733 (sodium benzoate); 21 C.F.R. § 182.3013 (ascorbic acid); 21 C.F.R. § 184.1033 (citric acid); "Safety Assessment of Benzyl Alcohol, Benzoic Acid and its Salts,

using benzene-containing products or being diagnosed with cancer. *Id.* ¶¶ 148-248. Contrary to scientific literature, plaintiffs also claim that another ingredient, panthenol, is an "irritant" and the trace amount of lilial *formerly* used as a fragrance in only two product types presents an unspecified hazard.[5] FAC ¶¶ 117-19. But they do not allege purchasing or using products containing these ingredients or experiencing lilial or panthenol-related issues. *Id.* ¶¶ 148-248. And, contrary to testing showing that Olaplex products are safe and non-irritating,[6] plaintiffs generically assert that Olaplex products contain some unknown number of "plasticizers," "irritants," and "non-water-soluble ingredients." FAC ¶¶ 117, 121, 127. But again, they do not allege actually purchasing or using products with, or having a reaction to, any such ingredients. *Id.* ¶¶ 148-248. Despite reciting a laundry list of allegedly concerning ingredients, plaintiffs do not and cannot claim these ingredients caused their claimed injuries.

It is no surprise that plaintiffs fail to allege any connection between their criticism of Olaplex's ingredients and their alleged injuries, since they offer next to

---

and Benzyl Benzoate," CIR Supp. Manuscript, INT'L J. OF TOX., Vol. 36 (2017); "Safety Assessment of Citric Acid, Inorganic Citrate Salts, and Alkyl Citrate Esters as Used in Cosmetics," INT'L J. OF TOX., Vol. 33 (2014); "Final Report of the Safety Assessment of L-Ascorbic Acid, Calcium Ascorbate, Magnesium Ascorbate, Magnesium Ascorbyl Phosphate, Sodium Ascorbate, and Sodium Ascorbyl Phosphate as Used in Cosmetics," INT'L J. OF TOX., Vol. 24 (2005). The Court may take judicial notice of these public documents. *Gordon v. U.S. Bank, N.A.*, 741 F. App'x 455, 456 (9th Cir. 2018).

[5] FDA and CIR recognize panthenol as safe. *See* 21 C.F.R. § 184.1212; "Safety Assessment of Panthenol, Pantothenic Acid, and Derivatives as Used in Cosmetics," CIR Supp. Manuscript, INT'L J. OF TOX., Vol. 41 (2022). And although the European Commission Scientific Committee on Consumer Safety (SCCS) called for phasing out lilial from EU cosmetics by March 2022 and Olaplex re-formulated Olaplex Nos. 2 and 3 accordingly, FAC ¶ 118, that was based on potential aggregate exposure from *many different products*. COMMISSION REGULATION (EU) 2021/1902, OFFICIAL J. OF THE EUROPEAN UNION (Oct. 29, 2021). In fact, SCCS found lilial "*can be considered safe when used as [a] fragrance ingredient in different cosmetic leave-on and rinse-off type products*." SCCS, "Opinion on the safety of Butylphenylmethylpropional (p-BMHCA) in cosmetic products" (2019) (emphasis added). The Court may take judicial notice of these public documents. *Gordon*, 741 F. App'x at 456.

[6] Olaplex Testing Results, *available at* https://olaplex.com/pages/testing-results. It is appropriate for the Court to consider Olaplex's testing results, which are expressly referred to, and incorporated in, the FAC. *See, e.g.*, FAC ¶¶ 236*, 260; *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

no detail about their experiences with any of Olaplex's products. Plaintiffs do not allege how many products they purchased, how long they used them, or when they purportedly suffered injury. *Id.* Plaintiffs do not give any details about their hair care history or personal care regimen, or other products they used during the same time period. *Id.* Nor do plaintiffs describe how they could have conceivably "ruled out" the many, varied causes of hair loss, hair breakage, and skin irritation, *id.* ¶ 144, such as hormone changes, skin conditions, vitamin and nutrient deficiencies, medications, diet, stress, hair treatments, viruses and other physiological events, auto-immune diseases, and other medical conditions—examples of which are identified in the FAC itself. *Id.* at ¶ 126 (alopecia areata), ¶ 121 (seborrheic dermatitis).[7]

### C. Plaintiffs' Attacks On Olaplex's Advertising and Business Practices Also Are Devoid of Facts.

Plaintiffs also generically allege that Olaplex knowingly engaged in unfair business practices. They make sweeping assertions about the power of celebrities and social media influencers, but they do not identify a single advertisement, article, social media post, or other endorsement that lacks applicable disclosures. FAC ¶¶ 130-34. Although they claim that every celebrity, social media personality, stylist or other third party who made a representation about Olaplex's products was an "agent" of Olaplex, plaintiffs offer no facts to support any affiliation between these third parties and Olaplex, much less an agency relationship whereby these third parties are under Olaplex's control. *Id.* ¶ 231*. And even still, plaintiffs fail to specify facts regarding how, when, or what they saw or heard, or how any

---

[7] "Alopecia areata is a polygenic disease . . . related to multiple genetic factors." National Alopecia Areata Foundation, "What causes alopecia areata?" *available at* https://www.naaf.org/alopecia-areata. Seborrheic dermatitis is a genetic skin condition triggered by androgen steroids, hormonal fluctuations, stress, and fatigue. American Hair Loss Association, "Infectious Agents," *available at* https://www.americanhairloss.org/types_of_hair_loss/infectious_agents.html. The Court can consider the text of these webpages, which are expressly referred to, and incorporated in, the FAC (¶¶ 121, n. 4-5; 126, n. 9-10). *Ritchie,* 342 F.3d at 908.

statements by celebrities, social media personalities, stylists or any other third party influenced their purchase decisions. *Id.* ¶¶ 148-248.

### D.      Each of the 101 Plaintiffs Brings Six Causes of Action.

Despite plaintiffs' failure to allege the most basic facts to support their claims, each of the 101 plaintiffs asserts causes of action against Olaplex for breach of express and implied warranty (Counts 1 & 2); violation of UCL and FAL (Count 3); negligence/gross negligence (Count 4); product liability/strict product liability (Count 5); and unjust enrichment (Count 6); five of which are also brought against Cosway. FAC ¶¶ 232*-75. Notwithstanding their failure to allege facts to connect Olaplex or Cosway's actions to their alleged damages, plaintiffs seek to recover actual, consequential, and punitive damages; attorneys' fees, costs and expenses; disgorgement of allegedly "ill-gotten profits"; and interest. *Id.* at 130-31.

### LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must set forth grounds for relief which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A court should not accept as true "threadbare recitals" of a cause of action's elements, supported by "conclusory statements," *id.* at 663-64, assertions that are "conclusory, unwarranted deductions of fact, or unreasonable inferences," or allegations that contradict documents referred to in the complaint or matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Claims sounding in fraud or based on a unified course of allegedly fraudulent conduct, including for breach of warranty, consumer protection, and unjust enrichment, must also meet Rule 9(b)'s heightened pleading standard. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009); *Arabian v. Organic Candy Factory*, 2018 WL 1406608, at *2-3 (C.D. Cal. Mar. 19, 2018). Plaintiffs

1   need to plead these claims with particularity and identify the who, what, when,

2   where, and how of any alleged misconduct. Fed. R. Civ. P. 9(b).

3                                **ARGUMENT**

4   **I.    The FAC Should Be Dismissed In Its Entirety Because It Does Not**

5          **Satisfy Pleading Standards Or State A Claim For Relief (All Counts).**

6          **A.    The FAC Is A Shotgun Pleading In Violation Of Rule 8.**

7          Plaintiffs' 131-page complaint is a convoluted series of nearly 300

8   paragraphs containing an "unclear mass of allegations." *Sollberger v. Wachovia*

9   *Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). The pleading

10  violates both the requirements under Rule 8(a) for a "short and plain statement of

11  the claim," and Rule 8(d)(1) for allegations that are "simple, concise, and direct."

12  Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). The FAC lumps defendants together

13  without identifying what each allegedly did wrong. *George v. Grossmont*

14  *Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, 2022 WL 17330467, at *15-16 (S.D.

15  Cal. Nov. 29, 2022). It is "replete with 'immaterial facts not obviously connected to

16  any particular cause of action.'" *Id.* (citation omitted). It contains counts with

17  multiple causes of action (*e.g.*, Count 3). *Id.* And for each cause of action, it

18  incorporates by reference 248 different paragraphs—meaning each is full of factual

19  allegations that cannot possibly be material to the specific claim. *Id*. For these

20  reasons alone, the FAC should be dismissed. *Sollberger*, 2010 WL 2674456, at *5;

21  *George*, 2022 WL 17330467, at *18.

22         **B.    The Bare Allegations Are Not Tied To Any Product And Fail To**

23                **Plead Causation As Required For Each Of Plaintiffs' Claims.**

24         Plaintiffs also fail to state any claim because their allegations are untethered

25  to any particular product. Each of the 606 claims in the FAC requires plaintiffs to

26  tie their injuries to Olaplex's products or conduct in some non-speculative way.

27  *See, e.g.*, *Rathkey v. Zimmer, Inc.*, 2022 WL 18359146, at *2-3 (C.D. Cal. Oct. 28,

28  2022) (a "baseline element" of products liability is identifying which specific

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

products plaintiff alleges are defective, how they are defective, and how that defect caused plaintiff harm); *Taft v. Nabisco*, 2015 WL 12819144, at *1 (C.D. Cal. June 4, 2015) ("Plaintiff must plausibly plead facts that, if true, would establish a 'causal relationship . . . between the alleged defect and the [alleged] injury'") (citation omitted).[8] They do not.

Here, plaintiffs allegedly purchased various combinations of 14 different products from various sources, over various periods of time. FAC ¶¶ 148-248. Plaintiffs vaguely claim that they used one or more of these products and somehow suffered injury. *Id*. Although plaintiffs insist that Olaplex misrepresented its products, they do not provide a factual basis for this allegation or link any purported misrepresentation to any alleged purchase or injury. *Taft*, 2015 WL 12819144, at *1; *Clayborn*, 2020 WL 4529611, at *2. Mere use of a product and subsequent or contemporaneous injury is not a sufficient basis from which to infer causation. *See, e.g.*, *Taft*, 2015 WL 12819144, at *1; *Rogers v. Organon USA, Inc.*, 2014 WL 3853451, at *4 (E.D. Cal. Aug. 5, 2014). Olaplex's products have different formulas and different ingredients,[9] and plaintiffs do not identify a common ingredient, much less a common defect, *in the products they actually used* that could lead to the result they allege. *See generally*, FAC.

Olaplex is not required to guess at which ingredients it will be required to defend in this case, and plaintiffs are not allowed to use generalized allegations or

---

[8] *Clayborn v. Retina Macula Inst.*, 2020 WL 4529611, at *2 (C.D. Cal. Apr. 6, 2020); *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1163-64 (E.D. Ca. 2019); *Baca v. Johnson & Johnson*, 2020 WL 6450294, at *4 (D. Ariz. Nov. 2, 2020); *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140-41 (Fla. Dist. Ct. App. 2008); *Green v. W.L. Gore & Assocs., Inc*, 2020 WL 1666790, at *8-9 (D. Idaho Apr. 3, 2020); *Guariglia v. Procter & Gamble Co.*, 2018 WL 1335356, at *3 (E.D.N.Y. Mar. 14, 2018); *Minsa Corp. v. SFTC, LLC*, 540 S.W. 3d 155, 161 (Tex. App. 2017); *Mooradian v. FCA US, LLC*, 2017 WL 4869060, at *7 (N.D. Ohio Oct. 27, 2017).

[9] *Compare* Nº. 7 BONDING OIL, *available at* https://olaplex.com/products/olaplex-no-7-bonding-oil  (listing ingredients) *with* Nº. 3 HAIR PERFECTOR, *available at* https://olaplex.com/products/olaplex-no-3-hair-perfector  (listing ingredients).

rely on discovery to substantiate their claims. *Clayborn*, 2020 WL 4529611, at *2. Plaintiffs' generalized and conclusory allegations are insufficient to put Olaplex on notice of their claims. The FAC should be dismissed in its entirety. *See, e.g.*, *Baca*, 2020 WL 6450294, at *4-7; *Clayborn*, 2020 WL 4529611, at *2; *Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1173-74 (N.D. Ga. 2017) (allegation that plaintiff used the product, that plaintiff suffered injury, and therefore defendant did something wrong that caused plaintiff's injury is insufficient to survive a Rule 12(b)(6) motion to dismiss).

## II.     Plaintiffs Fail To Plead California Statutory Claims (Count 3).

### A.     Non-California Plaintiffs Cannot Invoke The UCL Or FAL.

California law embodies a presumption against the extraterritorial application of its statutes. This includes California's Unfair Competition Law (UCL) and False Advertising Law (FAL), which are not intended to regulate claims of non-California residents arising from conduct occurring outside of California. *Aghaji v. Bank of Am., N.A.*, 247 Cal. App. 4th 1110, 1119-20 (2016).

Here, all but 12 plaintiffs[10] reside outside of California, and allege they were exposed to advertising for, purchased, used, and suffered injury from Olaplex products outside of the state. FAC ¶¶ 7-107, 148-248. Plaintiffs are mistaken that Olaplex has its principal place of business in Santa Barbara. *Id.* ¶ 108.[11] And even if

---

[10] Donnelly, Estrada, Green, Hollifield, S.H., Leon, Lozoya, Mooshagian, Nguyen, Sanchez, Vallejo, and Ventor. FAC ¶¶ 7-107.

[11] Olaplex is incorporated. *See* Olaplex Holdings Inc. Form 10-K Annual Report (Mar. 8, 2022), *available at* https://ir.olaplex.com/sec-filings/all-sec-filings/content/0001868726-22-000017/olpx-20211231.htm. As a remote company, it does not own any real property or have a physical headquarters. *Id.* Olaplex leases a research and development facility located in New York. *Id.* And although it contracts with third party companies who manufacture many of its products in California, Olaplex does not have offices or facilities in the state. *Id.* The Court can take judicial notice of documents on file with federal administrative agencies, including Security and Exchange Commission documents such as a Form 10-K. *Id.* On a motion to dismiss, the Court can take judicial notice of documents on file with federal administrative agencies, including Security and Exchange Commission documents such as a Form 10-K. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

they were correct, the location of a company's headquarters is insufficient to support a non-California plaintiff's UCL and FAL claims. *Tidenberg v. Bidz.com, Inc.*, 2009 WL 605249, at *5 (C.D. Cal. Mar. 4, 2009); *Gustafson v. BAC Home Loans Serv., LP*, 2012 WL 4761733, at *5 (C.D. Cal. Apr. 12, 2012). Aside from a mailbox address, plaintiffs do not allege any facts to support an Olaplex presence in California, much less to establish California as the "locus" of alleged Olaplex misconduct. *Id.* at *5-6.[12] The non-California plaintiffs' statutory claims should be dismissed. *Tidenberg*, 2009 WL 605249, at *5 (Texas plaintiff could not avail herself of UCL and FAL). *Gustafson*, 2012 WL 4761733, at *5.

**B.      Plaintiffs' FAL and UCL Claims Do Not Satisfy Rule 9(b).**

Plaintiffs also do not state a claim under the FAL or UCL because they do not satisfy Rule 9(b) pleading requirements. To assert FAL and UCL claims based on allegedly false, misleading, and deceptive advertising, plaintiffs must identify specific, false and misleading statements that would be "'likely to deceive a reasonable consumer.'" *Truxel v. Gen. Mills Sales, Inc.*, 2019 WL 3940956, at *3 (N.D. Cal. Aug. 13, 2019) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). They must also "plead and prove actual reliance on the misrepresentations or omissions at issue." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020) (quoting *Great Pac. Sec. v. Barclays Cap., Inc.*, 743 F. App'x 780, 783 (9th Cir. 2018)). And where, as here, the FAL and UCL claims are premised on misleading advertising,[13] Rule 9(b)'s heightened pleading standard applies. *Haskins v. Symantec Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016); *Boris v.*

---

[12] Additionally, California's "governmental interest analysis" dictates that each plaintiff's claims are governed by the laws of the jurisdictions where they reside, saw representations, purchased and used products, and purportedly suffered injury. *See* Mot. to Sever at 7-8. The law of each plaintiff's home jurisdiction differs from California on material, and often dispositive, issues, and the interest of these other jurisdictions have a far greater interest in applying their own laws. *See* Mot. to Sever, at 13-15.

[13] Plaintiffs repeatedly describe representations as "false and misleading" and characterize conduct as "fraudulent." FAC ¶¶ 2, 129-42, 248*, 254-55, 260, 273.

*Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016).

Here, plaintiffs do not provide any details about the who, what, when, where, and how of any alleged misrepresentation, omission, or other fraudulent, unlawful, or deceptive act. *Id*. They do not plead facts to establish reliance on any alleged omission or representation, or to support an immediate, causal connection with any claimed injury. *Williams*, 449 F. Supp. 3d at 912; *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiffs do not say when or how they encountered any specific Olaplex communication or who at Olaplex was responsible for that communication. FAC ¶¶ 148-248. Indeed, many of the plaintiffs do not identify any statements at all or only identify statements made by third parties, including unnamed stylists, social media influencers, and their own family members. *Id*.[14] Even then, plaintiffs say nothing about which representations pertain to which products, or how any of these communications purportedly influenced their conduct. *Id*. Instead, they vaguely allege that they saw or heard some variety of claims about unspecified products at some point "before" their first purchase and bought products "based on" representations of "safety, formulation and efficacy." *Id*. These bare allegations do not satisfy Rule 8, let alone Rule 9(b). *See, e.g.*, *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963 (N.D. Cal. 2013); *Boris*, 35 F. Supp. 3d at 1174.

## C.   Plaintiffs Fail To Identify Actionable Misrepresentations.

Plaintiffs asserting FAL and UCL claims based on false, misleading, and deceptive advertising also must identify actionable statements. *Reed v. NBTY, Inc.*, 2014 WL 12284044, at * 9 (C.D. Cal. Nov. 18, 2014). Plaintiffs do not.

***First***, many plaintiffs do not allege that they visited Olaplex's website or

---

[14] *See, e.g.*, *id.* ¶ 152 (Ball bought products based on unspecified recommendations by an unnamed step daughter); ¶ 224 (Richardson saw posts by unidentified influencers on Instagram and TikTok); ¶ 245 (Vogt purchased products based on representations made by unidentified individuals at "Price Cuts").

CROWELL
& MORING LLP
ATTORNEYS AT LAW

were ever exposed to any advertising produced or disseminated by Olaplex.[15] False advertising violations must be premised on some statement or representation *by the defendant* about the product. *Id.*; *Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *3 (N.D. Cal. June 4, 2020). And plaintiffs' claims fail to the extent they have only seen or heard alleged misstatements by third parties.[16] *Reed*, 2014 WL 12284044, at *9 (FAL and UCL claims fail where based on representations on third-party websites); *Lenz v. Glob. Tel Link Corp.*, 2016 WL 11756196, at *4 (C.D. Cal. Mar. 28, 2016) (J. Klausner) (dismissing FAL claim where plaintiffs did not allege that they heard defendants' advertisements, only statements made by others about the advertisements).

**Second**, most if not all of the statements are "[g]eneralized, vague, and unspecified assertions." *Vitt v. Apple Comput., Inc.*, 2010 WL 11545683, at *3 (C.D. Cal. May 21, 2010), *aff'd*, 469 F. App'x 605 (9th Cir. 2012). Claims such as "ultimate breakage insurance," "clean ingredient list," "restores damaged and compromised hair," "strengthens, nourishes, and moisturizes," "the best thing for your hair," and "healthy, beautiful, shiny, touchable hair," [17] are "'mere puffery' upon which a reasonable consumer could not rely," and "are not actionable" under the UCL or FAL. *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); *Brown v. Madison Reed, Inc.*, 2022 WL 3579883, at *9 (N.D. Cal. Aug. 19, 2022) ("Salon Gorgeous," "Ingredients with Integrity," and "Salon-quality" are non-actionable).

---

[15] *See, e.g.*, FAC ¶ 153 (Balmer bought "from Nurture Hair Salon based on representations . . . [from] her hairstylist"); ¶ 183 (Hudson bought "online through ULTA" based on "representations" by a social medial influencer); ¶ 239 (Tolstoy bought from Phagans School of Hair Design" based on "representations" by her stylist and unidentified "members of the Phagans School salon").

[16] For example, plaintiffs cite www.olaplex-me.com for several claims, FAC ¶ 113, n. 2, which is a website owned and operated by a former, third-party distributor; Olaplex has no control over the website or the claims made. *See* Terms of Service, *available at* http://www.olaplex-me.com/tc.php (website operated by Nazih Group).

[17] *See e.g.*, FAC ¶¶ 151, 156

CROWELL & MORING LLP
ATTORNEYS AT LAW

OLAPLEX'S MPA IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

***Third***, with respect to any statements that are not puffery, plaintiffs fail to plead facts to support the assertion that they are false. *In re Bang Energy Drink Mktg. Litig.*, 2020 WL 9815622, at *3-4 (N.D. Cal. Sept. 14, 2020); *McKinniss v. Gen. Mills, Inc.*, 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (dismissing UCL and FAL claims where plaintiffs could not establish that the statements in question were literally false). Claims, for example, that Olaplex's formulas are "proven by science" or are free of certain ingredients are simple and verifiably accurate statements about Olaplex's patent-protected products and their contents. *Truxel*, 2019 WL 3940956, at *2. Although plaintiffs make sweeping claims about Olaplex's advertising, they do not challenge the existence of Olaplex's patents or the science behind Olaplex's formulas.[18] They also do not identify any ingredients (which are clearly listed on Olaplex's website and the product labels) that would render any of these advertising claims untrue. *Clark v. Perfect Bar, LLC*, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018), *aff'd*, 816 F. App'x 141 (9th Cir. 2020) (a reasonable consumer cannot be misled about "excessive" sugar where the food label discloses the sugar content); *McKinniss*, 2007 WL 4762172, at *3 (reasonable consumers are expected to "peruse the product's contents simply by reading the side of the box containing the ingredient list").

Because plaintiffs fail to identify any actionable, false or misleading statements, their UCL and FAL claims should be dismissed. *Bang Energy*, 2020 WL 9815622, at *3-4 (dismissing claims where allegations amounted to puffery and the "only actionable representations . . . [allegedly] made regarding the challenged ingredients" were factually accurate); *Truxel*, 2019 WL 3940956, at *2.

### D.  Plaintiffs Do Not Allege An Unlawful Act.

Plaintiffs also appear to allege, as a basis for their UCL claims, that Olaplex violated the FAL and the Federal Trade Commission ("FTC") *Guides Concerning the Use of Endorsements and Testimonials in Advertising,* 16 C.F.R. § 255 ("FTC

---

[18] *See* Olaplex Patents, *available at* https://olaplex.com/pages/patents.

Guides"). FAC ¶ 251. Plaintiffs' UCL claims premised on the FAL fail because, as
explained, plaintiffs do not state a valid claim under that statute. *Krantz v. BT
Visual Images, L.L.C.*, 89 Cal. 4th 164, 178 (2001) (viability of "unlawful" UCL
claim "stand[s] or falls" with the underlying claim); *Rudd v. Borders, Inc.*, 2009
WL 4282013, at *2 (S.D. Cal. Nov. 25, 2009).

UCL claims premised on a violation of the FTC Guides similarly fail
because, as the FTC makes clear, its guidelines "lack the force of law" and thus,
cannot serve as a predicate to the UCL. *FTC v. Garvey*, 383 F.3d 891, 903 (9th Cir.
2004); 16 C.F.R. § 255.0(a) (FTC Guides "represent administrative interpretations
of law . . . for the guidance of the public in conducting its affairs"); FTC Operating
Manual, Industry Guidance, ch. 8, § 3.2 ("a guide *does not have the force or effect
of law and is not legally binding* on the Commission or on the public in an
enforcement action.") (emphasis added); *Schertzer v. Samsonite Co. Stores, LLC*,
2020 WL 4281990, at *8 (S.D. Cal. Feb. 25, 2020); *Mueller v. Puritan's Pride, Inc.*,
2022 WL 36003, at *3 (N.D. Cal. Jan. 4, 2022).[19]

Additionally, even if the FTC Guides could give rise to a UCL claim,
plaintiffs do not plead a substantive violation of them in the first place. Anyone
who receives compensation to create social media content for Olaplex is required
by contract to share their honest, unscripted, personal views and to conspicuously
disclose their connection with the company. *See* 16 C.F.R. § 255.1. Plaintiffs do not
allege otherwise. Olaplex publicly discloses the names of brand ambassadors,
artists and other advocates on its website or via social media.[20] Whenever Olaplex

---

[19] Although in *Rubenstein v. Neiman Marcus Grp. LLC*, an alleged violation of the
FTC Guides Against Deceptive Pricing was sufficient to state a claim under the
UCL, in that unreported decision, the Ninth Circuit considered only the lack of a
private right of action and not the FTC's own clarification that its Guides do not
have the force or effect of law. *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F.
App'x 564, 567 (9th Cir. Apr. 18, 2017).
[20] Olaplex profiles all brand ambassadors on its website, *see* "Our Story," *available
at* https://olaplex.com/pages/our-story, and identifies other advocates with social
media hashtags. *See, e.g.*, https://www.facebook.com/hashtag/olaplexartist;
https://www.facebook.com/hashtag/olaplexadvocate. Statements on Olaplex's

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

sponsors a media feature, that sponsorship is clearly and unambiguously disclosed in the article.[21] And with respect to celebrities who publicly praise Olaplex's products, plaintiffs allege no facts to doubt their sincerity or to disbelieve that they are bona fide users. 16 C.F.R. § 255.1. For the happy customers who happen to share their positive experiences on social media without compensation from Olaplex, or the unsolicited articles written by independent media outlets, there is simply nothing for Olaplex to disclose. *Id.*

The FAC does not identify a single article, social media post, or other alleged endorsement that lacks appropriate disclosures. Nor does it "allege[] any facts that plausibly raise an inference that the non-disclosure of paid endorsements is likely to lead consumers to believe that the endorsements are unpaid." *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 641–42 (S.D.N.Y. 2018) (dismissing UCL and FAL claims).

### E.    Plaintiffs' Requested Relief Is Improper And Precluded By Their Legal Claims.

Damages are not available under the UCL and FAL—plaintiffs are limited to injunctive relief and restitution. *Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031, at *8 (C.D. Cal. May 18, 2021). Plaintiffs do not seek an injunction, but they seek restitution in the form of "disgorgement" of allegedly "ill-gotten profits." FAC at 130-31. Under California law, this form of restitution (*i.e.* "nonrestitutionary disgorgement" focused on the defendant's alleged unjust enrichment) is not available under either the UCL or the FAL. *Chowning v. Kohl's*

---

website and social media accounts are expressly referred to, and incorporated in, the FAC. *Ritchie*, 342 F.3d at 908.

[21] *See, e.g.*, Aniyah Morinia, "PSA: We're Giving These 16 Hair Products (and Keeping Some for Ourselves," Who What Wear (Nov. 16, 2022) *available at* https://www.whowhatwear.com/editor-approved-haircare-olaplex ("SPONSOR CONTENT CREATED WITH OLAPLEX"); Lauren Caruso, "Olaplex's Insalon Treatment Gave Me the Healthy, Shiny Hair of My Dreams," Allure, *available at* https://www.allure.com/sponsored/story/olaplex-in-salon-treatment ("PRODUCED BY OLAPLEX").

*Dep't Stores, Inc.*, 733 F. App'x 404, 406 (9th Cir. July 31, 2018); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1113 (N.D. Cal. 2018). Even if plaintiffs had sought the proper form of relief, recovery under the UCL and FAL is precluded by adequate legal remedies in the form of plaintiffs' warranty, negligence and product liability claims, which are based on the same factual predicate. *Rodriguez*, 2021 WL 1985031, at *8; *Am. Nat'l Ins. Co. v. Akopyan*, 2021 WL 2792313, at *2 (C.D. Cal. Apr. 8, 2021) (J. Klausner).

### III.    Plaintiffs Fail To Plead Warranty Claims (Counts 1 & 2).

#### A.    Plaintiffs Warranty Allegations Do Not Satisfy Rule 9(b).

Where breach of warranty claims are premised on an "alleged unified course of conduct where a defendant allegedly misrepresented features of its product," Rule 9(b)'s heightened pleading standard applies. *See, e.g.*, *Loh v. Future Motion, Inc.*, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022); *Arabian*, 2018 WL 1406608, at *3-4.[22] Plaintiffs' allegations do not satisfy Rule 8, much less Rule 9(b). *See* Section II.b., *supra*.

Plaintiffs do not provide *any details*, let alone the "who, what, where, when, [and] why," of the alleged misrepresentations or the alleged defect. *Loh*, 2022 WL 2668380, at *6. Instead, they allege that Olaplex falsely and misleadingly promoted the "safety, formulation and efficacy" of its products on its website, through third parties and in "general advertising," despite the presence of unspecified,

---

[22] *Dimuro v. Estee Lauder Cos. Inc.*, 2013 WL 12080901, at *5-6 (D. Conn. Nov. 22, 2013); *Santos v. SANYO Mfg. Corp.*, 2013 WL 1868268, at *4 (D. Mass. May 3, 2013); *Hang-Well Corp. v. Kenney Mfg. Corp.*, 1992 WL 253277, at *2-3 (N.D. Ill. Sept. 29, 1992); *Glauberzon v. Pella*, 2011 WL 1337509, at *3-4 (D.N.J. Apr. 7, 2011); *Hammonds v. Bos. Sci., Inc.*, 2011 WL 4978369, at *2 (W.D. Okla. Oct. 19, 2011). Circuit courts across the country routinely hold that claims not ordinarily subject to Rule 9(b) must satisfy the heightened pleading standard where the underlying allegations concern allegedly fraudulent conduct. *See, e.g. Kearns*, 567 F.3d at 1124-25; *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 15 (1st Cir. 2009); *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 629 (4th Cir. 2008); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Rombach v. Chang*, 355 F.3d 164, 171 (2nd Cir. 2004).

purportedly harmful ingredients. FAC ¶¶ 148-248. Based on the FAC, "it is entirely unclear . . . what features" of plaintiffs' products constitute an alleged defect or what was purportedly promised. *Loh*, 2022 WL 2668380, at *7. And the "generalized assertions of exemplary misrepresentations across a range of products . . . do not suffice to place [Olaplex] on notice of the misconduct charged." *Romero v. Flowers Bakeries, LLC*, 2015 WL 2125004, at *4 (N.D. Cal. May 6, 2015). This is grounds to dismiss plaintiffs' express and implied warranty claims. *Loh*, 2022 WL 2668380, at *5-6; *Arabian*, 2018 WL 1406608, at *4 (C.D. Cal. Mar. 19, 2018) (plaintiff must adequately set forth "why the statements on the packaging . . . are false, how she learned they were false, or when she learned they were false").

**B.      Plaintiffs' Breach of Express Warranty Claims Are Not Based On Actionable Misrepresentations.**

Breach of express warranty claims require "an affirmation of fact or promise" or a "description of the goods" that was false and misleading and that plaintiffs relied on in making their purchases. *See, e.g.*, *Castaneda v. Fila USA, Inc.*, 2011 WL 7719013, at *3-4 (S.D. Cal. Aug. 10, 2011) (citation omitted).[23] The advertising claims plaintiffs vaguely allege were part of a "benefit of the bargain" are deficient in three respects.

***First***, many plaintiffs claim they relied on representations made by various social media influencers, celebrities, stylists, and retail-outlet employees—not by Olaplex. FAC ¶¶ 148-248. Any "affirmation of fact or promise" or "description of the goods" must be made *by* Olaplex if plaintiffs are to sue Olaplex for alleged breach. *See Dunbar v. Medtronic, Inc.*, 2014 WL 3056026, at *8 (C.D. Cal. June 25, 2014) (dismissing claim for breach of express warranty for failure to allege

---

[23] *Yates v. Ortho-McNeil-Janssen Pharms., Inc.*, 808 F.3d 281, 303 (6th Cir. 2015); *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 794 (N.D. Ill. 2010); *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 445-46 (E.D. Mo. 1997); *Walters v. Pella Corp.*, 2015 WL 2381335, at *6 (D.S.C. May 19, 2015); *Ford Motor Co. v. Ocanas*, 138 S.W.3d 447, 452 (Tex. App. 2004).

misrepresentation by defendant) (J. Klausner). Although plaintiffs assert that all third parties are Olaplex's "agents", the mere assertion of an affiliation between Olaplex and every celebrity, social media personality, hair stylist and employee of various retail stores across the country does not give rise to an agency relationship. *Swartz*, 476 F.3d at 765 (allegations insufficient where complaint asserted one defendant was an agent of another without any supporting facts). And an argument that the mere receipt of marketing materials or a free online course on how to use products creates an agency relationship is implausible on its face. An essential element of any agency relationship is the ability to exercise control. *Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011). Where, as here, plaintiffs have not—and cannot—allege facts to support a claim that Olaplex exercises control over these third parties, any warranty claim based on those third-party representations fails as well. *Id.*

**Second**, even where attributable to Olaplex, many of the statements in plaintiffs' complaint "are non-actionable puffery, and do not constitute an express warranty on which a reasonable consumer could rely." *See, e.g.*, *Castaneda*, 2011 WL 7719013, at *4 (Slogan "Sculpt.Tone.Amaze." was nonactionable puffery); *Vitt v. Apple Comput., Inc.*, 469 F. App'x 605, 607 ((9th Cir. 2012) ("durable," "high value," "rugged," "reliable," and "built to withstand reasonable shock" are nonactionable).[24]

---

[24] *Russell v. Wilson*, 991 So. 2d 745, 748-50 (Ala. Civ. App. 2008); *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1011-12 (D. Ariz. 2017); *Thomas v. Vigilant Ins. Co.*, 594 F. Supp. 3d 499, 508-09 (D. Conn. 2022); *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013); *Earthcam, Inc. v. Oxblue Corp.*, 2012 WL 12836518, at *5-7 (N.D. Ga. 2012); *Torres v. Nw. Eng'g Co.*, 949 P.2d 1004, 1016-17 (Haw. Ct. App. 1997); *Jensen v. Seigel Mobile Homes Grp.*, 668 P.2d 65, 71 (Idaho 1983); *Stuve v. Kraft Heinz Co.*, 2023 WL 184235, *11-12 (N.D. Ill. 2023); *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 333 (Ind. 2013); *Golden v. Den-Mat Corp.*, 276 P.3d 773, 795 (Kan. Ct. App 2012); *Baney Corp. v. Agilysys NV, LLC*, 773 F. Supp. 2d 593, 608-89 (D. Md. 2011); *Rossman v. Herb Chambers Com Ave., Inc.*, 957 N.E.2d 254, *4, n.3 (Mass. App. Ct. 2011); *Ram Int'l Inc. v. ADT Sec. Servs., Inc.*, 2011 WL 5244936, at *5-6, 8 (E.D. Mich. Nov. 3, 2011); *Cortinas v. Behr Process Corp.*, 2017 WL 2418012, at *2-3 (E.D. Mo.

CROWELL & MORING LLP
ATTORNEYS AT LAW

*Third*, plaintiffs do not allege facts to show that any of the representations in their complaint are false or that they would be materially misleading to a reasonable consumer. *Rugg v. Johnson & Johnson*, 2018 WL 3023493, at *3-4 (N.D. Cal. June 18, 2018).[25] And in any event, it is "completely implausible that a reasonable consumer would understand" any of these advertising statements "to mean that the product[s] do[] not contain *any* ingredients, in any concentration, which could . . . have *any* [] negative effect." *Rugg*, 2018 WL 3023493, at *3 (dismissing claim that "hypoallergenic" label on baby products was misleading); *Souter v. Edgewell Pers. Care Co.*, 542 F. Supp. 3d 1083, 1094-94,1099 (S.D. Cal. 2021) (reasonable consumer would not understand "gentle" to mean the product did not contain ingredients that could pose a risk of skin irritation).

Without an actionable statement attributable to Olaplex or a plausible allegation as to how any such statement is false or materially misleading, plaintiffs' express warranty claims must be dismissed. *See, e.g.*, *Rugg*, 2018 WL 3023493, at *3; *Souter*, 542 F. Supp. 3d at 1099.

## C.   Plaintiffs Do Not Allege Unmerchantability As Required For Breach Of Implied Warranty.

To state a breach of implied warranty claim, a plaintiff must identify *a defect* that renders the product in question *unfit for its ordinary intended use*. *See, e.g.*, *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1295-96 (1995);

_____

June 5, 2017); *Tyson v. Ciba-Geigy Corp.*, 347 S.E.2d 473, 477 (N.C. Ct. App. 1986); *Metcalfe v. Biomet, Inc.*, 2019 WL 192902, at *5-6 (D. N.J. 2019); *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *10, 26 (S.D.N.Y. July 15, 2016); *Risner v. Regal Marine Indus., Inc.*, 8 F. Supp. 3d 959, 998-999, 1002-03 (S.D. Ohio 2014); *Brucker v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 7732876, at *3-4 (W.D. Pa. 2017); *Walters*, 2015 WL 2381335, at *5; *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 852 (S.D. Tex. 2011); *Boud v. SDNCO, Inc.*, 54 P.3d 1131, 1135-36 (Utah 2002); *McCoy v. S. Energy Homes, Inc.*, 2012 WL 1409533, at *14-15 (S.D.W. Va. Apr. 23, 2012).
[25] *MacNeil*, 713 F. Supp. 2d at 794; *In re Gen. Motors*, 174 F.R.D. at 445-46; *Kennedy v. Covidien, LP*, 2019 WL 1429979, at *6 (S.D.N.Y. Mar. 29, 2019); *Walters*, 2015 WL 2381335, at *6.

CROWELL & MORING LLP
ATTORNEYS AT LAW

*Mooradian*, 2017 WL 4869060, at \*7. That is because the implied warranty of merchantability does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at \*8 (N.D. Cal. June 5, 2009) (quoting *Am. Suzuki*, 37 Cal. App. 4th at 1295.[26] Mere manifestation of a defect, on its own, does not constitute a breach. *See, e.g.*, *Stearns*, 2009 WL 1635931, at \*8.

Here, plaintiffs fail to identify a defect in any one of Olaplex's products, much less the 14 different products identified in the FAC. Plaintiffs claim that they used one or more Olaplex product and at some unspecified time, they suffered one or more injuries, ranging from "hair loss" to "poor hair condition." FAC ¶¶ 148-248. And they separately speculate that certain Olaplex products contain some number of irritating or otherwise harmful ingredients. *Id.* ¶¶ 121, 124, 127. But the individual experiences they allege could be due to any number of factors, including other personal care products. And even assuming, for arguments sake, that some subset of consumers experienced an irritation or allergic response to an unspecified ingredient or combination of ingredients in unspecified Olaplex products; that does not render Olaplex's products unfit for their ordinary intended use. *Am. Suzuki*, 37 Cal. App. 4th at 1295-96. A manufacturer is not required to guarantee against every possible harm, *Wolfe v. McNeil-PPC, Inc.*, 773 F. Supp. 2d 561, 574 (E.D. Pa. 2011), and where, as here, a product is widely sold, the mere fact that a de minimis number experienced a reaction is not sufficient to establish that the product was not fit for the purposes intended. *Pai v. Springs Indus., Inc.*, 18 A.D.3d 529, 531 (N.Y.

---

[26] *Koken v. Black & Veatch Constr. Inc.*, 426 F.3d 39, 51 (1st Cir. 2005); *Lowe v. Mercedes Benz of N. Am., Inc.*, 103 F.3d 118 (4th Cir. 1996); *Oggi Trattoria & Caffe, Ltd. v. Izuzu Motors Am., Inc.*, 865 N.E.2d 334, 341-42, 344 (Ill. App. Ct 2007); *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 623 (M.D.N.C. 2006); *Feiger v. I-Deal Auto Sales, Inc.*, 1997 WL 691450, at \*1-2 (Ohio Ct. App. Oct. 31, 1992); *Maneri v. Starbucks Corp. Store #1527*, 2019 WL 5626650, at \*9 (E.D. Pa. Oct. 31, 2019); *Dorman v. State Indus., Inc.*, 787 S.E.2d 132, 138 (Va. 2016).

App. Div. 2005) (citation omitted); *Morris v. Pathmark Corp.*, 592 A.2d 331, 334 (Pa. Super. Ct. 1991) (no liability for breach of implied warranty "merely because of a harmful effect due to an individual idiosyncrasy").

Because requiring a "guarantee against every conceivable adverse consequence of" using a company's products "however remote, esoteric, or even conjectural . . . is not the law," *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 873 (7th Cir. 2010), plaintiffs' implied warranty claims should be dismissed. *Viscusi v. Proctor & Gamble*, 2007 WL 2071546, at *13 (E.D.N.Y. July 16, 2007), *aff'd sub nom. Viscusi v. P & G-Clairol, Inc.*, 346 F. App'x 715 (2d Cir. 2009).

**D.     Certain Plaintiffs' Warranty Claims Fail For Lack Of Notice.**

The express and implied warranty claims of plaintiffs[27] in Alabama, Arizona, Florida, Georgia, Idaho, Maryland, Massachusetts, Michigan, Missouri, Oregon, Texas, Utah, and Vermont, as well as plaintiffs[28] in California who purchased products on Olaplex.com, also should be dismissed because the applicable state laws require prior notice. *Carter v. L'Oreal USA, Inc*., 2019 WL 4786949, at *8 (S.D. Ala. Sept. 30, 2019); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 988-89 (N.D. Cal. 2009).[29] Plaintiffs collectively claim they provided notice to Olaplex in

---

[27] Albahae, Arcadi, Burkett-Murphy, Cogle, Courtney, Dahan, Keehner, Reddish, Hoff, Urresti, Jones, P.J., Lewis, Vega, Ball, Mendez, Morgan, Murphy, Rife, Sigmon, Tocco, Singer, Jackson, Kahler, Kurilova, Hilary, Tolstoy, Barnhouse, Berry, Daniels, de la Cruz, Easily, Ferguson, Ingle, Krengel, Llewellyn, Marietta, Quenga, Valentine, Quinn, and Orr. *See* FAC ¶¶ 7-107.

[28] Donnelly, Hollifield, Leon, and Nguyen. *Id.* ¶¶ 148-248.

[29] *Harman v. Taurus Int'l Mfg., Inc.*, 586 F. Supp. 3d 1155, 1163 (M.D. Ala. 2022); *Tavassoli v. Altria Grp, Inc.*, 2007 WL 9725046, at *7 (D. Ariz. 2007); *Jackmack v. Bos. Sci. Corp.*, 2021 WL 1020981, at *3 (M.D. Fla. 2021); *Barnes as Next Friend of Gibson v. Medtronic, Inc.*, 2021 WL 3742436, at *3 (N.D. Ga. 2021); *Reser's Fine Foods, Inc. v. Walker Produce Co., Inc.*, 2008 WL 1882671, at *5-6 (D. Idaho 2008); *Savu v. Purolite Co.*, 2023 WL 2163181, at *8 n.5 (D. Md. 2023); *Piro v. Exergen Corp.*, 2016 WL 1255630, at *10 (D. Mass. 2016); *Shaker v. Champion Petfoods USA, Inc.*, 2022 WL 4002889, at *5 (E.D. Mich. 2022); *Guilford v. Bos. Sci. Corp.*, 2020 WL 1668279, at *3 (W.D. Mo. 2020); *Parkinson v. Novartis Pharms, Corp.*, 5 F. Supp. 3d 1265, 1276 (D. Or. 2014); *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 970 (S.D. Tex. 2016); *Martinez v. Nissan N. Am., Inc.*, 2022 WL 1063735, at *2 (D. Utah 2022); *Ehlers v. Ben & Jerry's Homemade, Inc.*, 2020

December 2022. FAC ¶ 244*. Although Albahae, Auriana, Cogle, Quinn, and Register sent a letter to Olaplex prior to filing suit ("December letter"), it consisted of a wide array of assertions divorced from any actual Olaplex product and offered no information about the 5 individuals or their product use.[30] The purpose of the notice requirement is to provide an opportunity to cure and thereby avoid the necessity of litigation. *See, e.g.*, *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).[31] The December letter did neither; and regardless, that letter cannot serve as notice for the 96 other plaintiffs that it did not mention. *See e,g.*, *Mora v. AngioDynamics, Inc.*, 2022 WL 16640021, at * 4 (S.D. Tex. Sept. 20, 2022) (plaintiff did not allege that she *personally* complied with the pre-suit notice requirement; any notice defendants may have received from third parties does not satisfy plaintiff's pre-suit notice obligation); *Drobnak v. Andersen Corp.*, 561 F.3d 778,785-86 (8th Cir. 2009) (newly-named plaintiffs who did not provide specific notice of their complaints about allegedly defective product could not rely on notice provided by original named plaintiffs).[32]

**E.  Privity Requirements Bar Certain Plaintiffs' Warranty Claims.**

Because plaintiffs purchased some or all of their products from independent third parties, including unauthorized retailers, FAC ¶¶ 148-248, they also cannot allege privity as required for a breach of warranty under the laws of California, Florida, Ohio, and Oregon. *Coleman v. Bos. Sci. Corp.*, 2011 WL 3813173, at *4

---

WL 2218858, at *8-9 (D. Vt. 2020).

[30] *See* December 22, 2022 Letter (**Exhibit B**).

[31] *Smith v. Apple, Inc.*, 2009 WL 3958096, at *2 (N.D. Ala. Nov. 4, 2009); *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 2018 WL 2929831, at *3 (N.D. Ga. June 8, 2018); *Shaker*, 2022 WL 4002889, at *5; *Holman v. Ali Indus., LLC*, 2023 WL 1438752, at *9 (W.D. Mo. Feb. 1, 2023); *McKay v. Novartis Pharm. Corp.*, 934 F. Supp. 2d 898, 912-14 (W.D. Tex. 2013).

[32] *Hummel v. Tamko Building Products, Inc.*, 303 F. Supp. 3d 1288, 1298 (M.D. Fla. 2017); *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 614 (E.D. Mich. 2017).

1  (E.D. Cal. Aug. 29, 2011).[33] The warranty claims of the plaintiffs[34] governed by the

2  laws of these states fail as a result. *See, e.g.*, *T.W.M*, 886 F. Supp. at 844.[35]

3        **F.**     **The Warranty Claims for Plaintiffs in Connecticut, Kansas,**

4                **Louisiana, New Jersey, and Ohio Have Further Deficiencies.**

5       Certain plaintiffs' warranty claims[36] fail for additional reasons. More

6  specifically, the Connecticut, Kansas, New Jersey, and Ohio express and implied

7  warranty claims are subsumed by the product liability statutes in those states, which

8  establish the exclusive theories of liability for product claims. *In re Valsartan,*

9  *Losartan, & Irbesartan Prods. Liab. Litig.*, 2021 WL 364663 at *6-17 (D.N.J. Feb.

10  3, 2021) (breach of warranty claims as subsumed by CNPLA, KSPLA, NJPLA,

11  OHPLA).[37] Louisiana has not adopted the Uniform Commercial Code and does not

12  recognize common law warranty claims. *Rayford v. Karl Storz Endoscopy Am.,*

13  *Inc.,* 2016 WL 4398513, at *7-8 (W.D. La. June 22, 2016)*. Implied warranty claims

14  also are not available under Arizona product liability law because the plaintiffs

15  assert a strict products liability claim. *Baca*, 2020 WL 6450294, at *5.

16

17  [33] *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995); *Miles v.*

18  *Raymond Corp.*, 612 F.Supp.2d 913, 925 (N.D. Oh. 2009); *Simonsen v. Ford Motor Co*., 102 P.3d 710, 721 (Or. Ct. App. 2004). Although California recognizes a

19  narrow exception for express warranty claims where a plaintiff relies on written

20  labels or manufacturer advertising, no exception applies here because plaintiffs do not allege reliance on actionable representations. *See* Section III.B, *supra*; *see also*

21  *Goldstein*, 2022 WL 484995, at *9.
   [34] Albahae, Arcadi, Burkett-Murphy, Courtney, Dahan, Donnelly, Estrada, Green,

22  Georgeson, Hilary, Hollifield, S.H., Leon, Lobdell, Lozoya, Mooshagian, Nguyen, Rife, Sanchez, Sigmon, Tocco, Tolstoy, Vallejo, Ventor, and Yeager. FAC ¶¶ 7-

23  107.
   [35] *Goldstein*, 2022 WL 484995, at *9; *Miles*, 612 F. Supp. 2d at 925; *Simonsen*, 102

24  P.3d at 721.
   [36] Aronjo, Fontenot, Freeman, Georgeson, Huval, Kurilova, Lobdell, McDonald,

25  Pilicy-Ryan, Quenga, Riccio, Siddiquei, Talerico, Witts, Yeager, and Zavatone.

26  FAC ¶¶ 7-107.
   [37] *Gerrity v. R.J. Reynolds Tobacco Co.*, 818 A.2d 769, 774 (Conn. 2003); *Patton v.*

27  *Hutchinson Wil-Rich Mfg. Co.*, 861 P.2d 1299, 1311 (Kan. 1993); *Clements v.*

28  *Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015); *Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010).

**IV.    Plaintiffs Fail to State Negligence And Product Liability Claims (Counts 4 & 5).**[38]

**A.    Plaintiffs Do Not Identify A Design Defect.**

To succeed on a product liability claim based on a design defect, whether grounded in strict liability or negligence, plaintiffs must allege and ultimately prove that there was a *defect* in a product that they used, and that their alleged injuries were proximately caused by that *defect*. *See, e.g.*, *Martinez v. Ford Motor Co.*, 2021 WL 6618873, at *2 (C.D. Cal. Nov. 23, 2021).[39] But here, plaintiffs do not identify any defect (unreasonably dangerous or not) in any Olaplex product or allege facts to support a causal connection between any defect and any claimed injury. *See e.g.*, Section I.b, *supra*. Nor can they, given the industry-wide use of the ingredients they

---

[38] Plaintiffs also seek to recover punitive damages. FAC ¶ 264 and p. 131. Because they do not plead facts to plausibly suggest that Olaplex's actions were oppressive, fraudulent, or malicious, they are not entitled to seek this relief. *See, e.g.*, *Bouncing Angels, Inc. v. Burlington Ins. Co.*, 2017 WL 1294004, at *2 (C.D. Cal. Mar. 20, 2017); *Romain v. State Farm Fire & Cas. Co.*, 2022 WL 16798055, at *4 (E.D.N.Y. Nov. 8, 2022); *Dinsio v. Sears, Roebuck & Co.*, 2016 WL 4196682, at *3 (N.D. Ohio Aug. 9, 2016); *Rile v. Alpha Techs., Inc.*, 2006 WL 515534, at *2 (W.D. Pa. Feb. 28, 2006). Regardless, with plaintiffs' claims subject to dismissal under Rule 12(b)(6) and Rule 8, plaintiffs' request for punitive damages fails. *See, e.g.*, *Bouncing Angels*, 2017 WL 1294004, at *4; *Knox v. Am. Pro. Assocs., LLC*, 2020 WL 12309021, at *3 (N.D. Ga. Dec. 18, 2020); *Dinsio*, 2016 WL 4196682, at *3; *Rile*, 2006 WL 515534, at *2.

[39] *Park-Kim v. Daikin Indus., Ltd*, 2016 WL 6744764, at *7 (C.D. Cal. Nov. 14, 2016), *aff'd sub nom. Park-Kim v. Daikin Applied Ams., Inc.*, 747 F. App'x 639 (9th Cir. 2019); *Schulz v. Medtronic, Inc.*, 2022 WL 503960, at *3 (D. Conn. Feb. 18, 2022); *Corrigan v. Covidien LP*, 2022 WL 17094687, at *4 (D. Mass. Nov. 21, 2022); *Villarreal v. Navistar, Inc.*, 2022 WL 14708977, at *4 (N.D. Tex. Mar. 8, 2022); *Sparks v. Medtronic, Inc.*, 2021 WL 2649235, at *2 (M.D. Fl. June 28, 2021); *O.M. Through McConnell v. KLS Martin LP*, 560 F.Supp.3d 1084, 1089-90 (N.D. Ohio 2021); *McGrain v. C.R. Bard, Inc.*, 551 F.Supp.3d 529, 541-42 (E.D. Pa. 2021); *Baca*, 2020 WL 6450294, at *4; *Krulewich v. Covidien, LP*, 498 F.Supp.3d 566, 575 (S.D.N.Y. 2020); *Dodson v. C.R. Bard, Inc.*, 2020 WL 7647631, at *6 (E.D. Va. Dec. 23, 2020); *Hupalo v. Goodyear Tire & Rubber Co.*, 2019 WL 6330491, at *3 (E.D. Mo. Nov. 26, 2019); *Pellegrin v. C.R. Bard*, 2018 WL 3046570, at *5 (E.D. La. June 20, 2018); *Cavanaugh v. Ford Motor Co.*, 2014 WL 2048571, at *2 (E.D. N.Y. May 19, 2014); *Coney v. Mylan Pharm., Inc.*, 2012 WL 170143, at *6 (S.D. Ga. Jan. 19, 2012); *Auto Club Grp. Ins. Co. v. All-Glass Aquarium Co., Inc.*, 716 F. Supp. 2d 686, 689 (E.D. Mich. 2010).

1   identify and the many, varied causes of the injuries they allege.[40]

2        "[A] 'manufacturer is not an insurer for all injuries that may result from the

3   use of its product[.]'" *Martinez v. Ford Motor Co.*, 2021 WL 6618873, at *2

4   (quoting *Johnson v. U.S. Steel Corp.*, 240 Cal. App. 4th 22, 31 (2015)).[41] Even if

5   plaintiffs had specifically alleged a reaction to a particular ingredient in Olaplex's

6   products (they have not), that would still be insufficient to hold Olaplex liable or

7   give rise to a duty to warn. *See, e.g.*, *Adelman-Tremblay*, 859 F.2d at 522-23; *Smith*,

8   894 F. Supp. 2d at 1093. Having failed to sufficiently allege that the products they

9   used contained a *defect* or that the defect *caused* them injury, there is not enough to

10  "allow[] the court to draw the reasonable inference that [Olaplex] is liable for the

11  misconduct alleged," regardless of whether the theory is negligence, strict liability,

12  or failure to warn. *Iqbal*, 556 U.S. at 678.

13        **B.     Plaintiffs Fail to Allege A Safer Alternative Design.**

14        To plead a claim for negligent design in Alabama, Massachusetts, Michigan,

15  New York, Oregon, Pennsylvania, South Carolina, and Virginia, or strict liability in

16  Alabama, New York, Oregon, Texas, Utah, and West Virginia, plaintiffs must

17  allege the existence of a safer, alternative design that would have reduced or

18  eliminated their purported injuries. *Richards v. Michelin Tire Corp.*, 21 F.3d 1048,

19  1056 (11th Cir. 1994).[42] Here, plaintiffs do not. Although they assert that

20  ───────────────────────
[40] *See* Notes 2, 3 & 4, *supra*.

21  [41] *See also Gilks v. Olay Co.*, 30 F. Supp. 2d 438, 443 (S.D.N.Y. 1998) (use of the product and subsequent injury is not a sufficient basis from which to infer it was

22  *caused by a defect*); *Adelman-Tremblay v. Jewel Cos.*, 859 F.2d 517, 522-23 (7th Cir. 1988); *Smith v. Phx. Seating Sys., LLC*, 894 F. Supp. 2d 1088, 1093 (S.D. Ill.

23  2012); *Green v. W. L. Gore & Assocs., Inc.*, 2020 WL 1666790, at *8 (D. Idaho Apr. 3, 2020).

24  [42] **Negligence**: *Corrigan v. Covidien*, 2022 WL 17094687, at *4-6 (D. Mass. Nov.

25  21, 2022); *Barnes v. Medtronic, PLC*, 2019 WL 1353880, at *1-2 (E.D. Mich. Mar. 26, 2019); *Bustamante v. Atrium Med. Corp.*, 2020 WL 583745, at *5-6 (S.D.N.Y.

26  Feb. 6, 2020); *Morrill v. Gen. Motors Corp.*, 967 F.2d 588, at *3 (9th Cir. May 29, 1992); *Wilson v. Piper Aircraft Corp.*, 577 P.2d 1322, 1326 (Or. 1978); *McGrain*,

27  551 F. Supp. 3d at 541-42; *Eichin v. Covidien LP*, 2022 WL 18779711, at *4 (D.S.C. Feb. 10, 2022); *Powell v. Diehl Woodworking Mach., Inc.,* 198 F. Supp. 3d

28  628, 634 (E.D. Va. 2016). **Strict Liability**: *Connally v. Sears, Roebuck & Co.*, 86

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-25-

"Defendants could have but chose not to design, manufacture and sell a safer alternative to the Products, which was feasible," FAC ¶ 267, this allegation is not supported by any facts identifying an alternative design or how such a design would have eliminated or reduced the injuries alleged. "Simply asserting that a feasible alternative design exists—without pleading any supporting facts—is not sufficient to plead a defective design claim or to put Defendant on notice as to what that design might be." *Bustamante*, 2020 WL 583745, at *5 (citation omitted). This is fatal to the claims of the plaintiffs[43] in these states. *See, e.g.*, *id.*; *McGrain*, 551 F. Supp. 3d at 541-42.

## C. Certain Plaintiffs' Product Liability and Negligence Claims Are Otherwise Not Viable.

Certain plaintiffs' product and negligence claims fail for additional reasons.

***First***, state product liability statutes supplant plaintiffs'[44] common law remedies for alleged products-related harms in Connecticut, Indiana, Kansas, Louisiana, New Jersey, and Ohio. *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 203 (5th Cir. 2001).[45]

***Second***, Massachusetts, Michigan, North Carolina, and Virginia do not

---

F. Supp. 2d 1133,1137-38 (S.D. Ala. 1999); *Bustamante*, 2020 WL 583745, at *5-6; *Morrill*, 967 F.2d at *3; *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1477-79 (10th Cir. 1993); *Carpenter v. Bos. Sci. Corp.*, 2019 WL 3322091, at *6 (N.D. Tex. July 24, 2019); *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 578 (E.D.N.Y 2012) (WV).
[43] Auriana, Ball, Barnhouse, Berry, Bowen, Broderick, Burkhart, Cogle, Daley-Derry, Daniels, De la Cruz, Ferguson, Garon, Hilary, Hudson, Ingle, James, Krengel, Llewellyn, Luciano, Marietta, McCormack, Mendez, Morgan, Murphy, Orr, Pate, Petty, Poston, Register, Roemer, Shay, Singer, Sobiech, Sterlacci, Thomas, Tolstoy, Valentine, Vega, Vogt. FAC ¶¶ 7-107.
[44] Aronjo, Earle, Fontenot, Freeman, Georgeson, Huval, Lobdell, McDonald, Pilicy-Ryan, Riccio, Siddiquei, Talerico, Witts, Yeager, and Zavatone. FAC ¶¶ 7-107
[45] *Winslow v. Lewis-Shepard, Inc.*, 562 A.2d 517, 517 (Conn. 1989); *Gunter v. Weston Brands, LLC*, 2020 WL 3104376, at *2 (S.D. Ind. June 11, 2020); *Raymond Corp.*, 612 F. Supp. 2d at 922; *In re Valsartan*, 2021 WL 364663 at *14; *Dixon v. C.R. Bard, Inc.*, 2020 WL 6164462, at *2 (S.D. Tex. June 16, 2020).

recognize strict liability, and the plaintiffs[46] in these states may only pursue a products liability remedy under a negligence or breach of warranty theory. *Guzman v. MRM/Elgin*, 567 N.E.2d 929, 932 (Mass. 1991).[47]

**Third**, the negligence claims of the Texas plaintiffs[48] are "encompassed and subsumed" by their strict products liability causes of action. *Dixon v. C.R. Bard, Inc.*, 2020 WL 6164462, at *2 (S.D. Tex. June 16, 2020) (quotation marks and citation omitted); *Del Valle v. Pliva, Inc.*, 2012 WL 4747259, at *6 (S.D. Tex. Sept. 12, 2012).

**Fourth**, in Alabama, Arkansas, Connecticut, Florida, Illinois, Indiana, Kansas, Missouri, and Pennsylvania, gross negligence is not a standalone claim. *Lauderdale v. Organon USA, Inc.*, 2022 WL 3702113 at *17 (W.D. Ark. Aug. 26, 2022).[49] And even to the extent gross negligence is recognized, plaintiffs have not pled the heightened degree of culpability (*i.e.*, "extreme conduct") required of such claims. *Faustino v. Alcon Lab'ys., Inc.*, 2015 WL 12839161, at *6 (C.D. Cal. Sept. 22, 2015) (gross negligence claim failed where plaintiff did not differentiate defendant's "conduct from garden-variety products liability cases" or allege what *specifically* rendered the conduct extreme").[50]

---

[46] Ball, Branning, Hudson, Mendez, Morgan, Murphy, Phelps, Richardson, Singer, and Vega. FAC ¶¶ 7-107.

[47] *Buhland v. Fed. Cartridge Co., Inc*, 2013 WL 12085097, at *2-3 (W.D. Mich. May 9, 2013); *Driver v. Burlington Aviation, Inc.*, 430 S.E.2d 476, 483-84 (N.C. Ct. App. 1993); *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 280 (4th Cir. 2021).

[48] Barnhouse, Berry, Daniels, De la Cruz, Easily, Ferguson, Ingle, Krengel, Llewellyn, Marietta, and Valentine. FAC ¶¶ 7-107.

[49] *In re JUUL Labs, Inc., Mktg Sales Prac. & Prods. Liab. Litig.*, 2021 WL 3112460, at *13 (N.D. Cal. July 22, 2021) (Conn.); *Crowe v. Johnson & Johnson*, 2020 WL 2161052, at *7 n.6 (S.D. Ala. Jan. 15, 2022); *Smith v. Ethicon, Inc.*, 2020 WL 9071685, at *3 (N.D. Fla. Dec. 28, 2020); *In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*, 2015 WL 178130, at *2 n.7 (D. Mass. Jan. 13, 2015); *Warner-Borkenstein v. Am. Med. Sys., Inc.*, 2020 WL 364019, at *4 (N.D. Ind. Jan. 21, 2020); *Danaher v. Wild Oats Mkts. Inc.*, 779 F. Supp. 2d 1198, 1212-13 (D. Kan. 2011); *Dorgan v. Ethicon, Inc.*, 2020 WL 5372134, at *4 (W.D. Mo. Sep. 8, 2020); *Crockett v. Luitpold Pharm., Inc.*, 2020 WL 433367, at *3 n.6 (E.D. Pa. Jan. 28, 2020).

[50] *Young v. Bishop Est.*, 2010 WL 715476, at *7 (D. Haw. Feb. 26, 2010), *aff'd in*

## V.   Plaintiffs Fail To Plead Their Unjust Enrichment Claims (Count 6).

Plaintiffs' unjust enrichment claims should be dismissed because they are not pled with particularity,[51] and because they are barred by adequate legal remedies or are duplicative of other claims. *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).[52] As the same alleged conduct

*part, vacated in part, remanded on other grounds*, 497 F. App'x. 735 (9th Cir. 2012); *Jeffries v. Bos. Sci. Corp.*, 2017 WL 2645723, at *5 (D. Md. June 20, 2017); *Weinberg v. Grand Circle Travel, LCC*, 891 F. Supp. 2d 228, 251 (D. Mass. 2012); *Peak v. Kubota Tractor Corp.*, 924 F. Supp. 2d 822, 833 (E.D. Mich. 2013); *Howe v. Ethicon, Inc.*, 2022 WL 2316375, at *6 (S.D.N.Y. June 27, 2022); *Driver*, 430 S.E.2d at 483; *Pearson v. Ethicon, Inc.*, 2021 WL 4494188, at *1 (D. Or. Sep. 30, 2021); *Cofresi v. Medtronic*, 450 F. Supp. 3d 759, 769-70 (W.D. Tex. 2020); *Elkins v. Mylan Lab'ys., Inc.*, 2013 WL 3224599, at *6 (D. Utah June 25, 2013); *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d 208, 217 (E.D. Va. 2008); *Powers v. Office of Child Support*, 795 A.2d 1259, 1265-66 (Vt. 2002).

[51] *See, e.g., Puri v. Khalsa*, 674 F. App'x 679, 687, 690 (9th Cir. 2017); *Arabian*, 2018 WL 1406608, at *3; *Allstate Indem. Co. v. Fla. Rehab & Injury Ctrs. Longwood, Inc.*, 2016 WL 7177624, at *3 (M.D. Fla. July 26, 2016); *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings.*, 159 F. Supp. 3d 898, 927 (N.D. Ill. 2016); *Sgaliordich v. Lloyd's Asset Mgmt.*, 2012 WL 4327283, at *13 (E.D.N.Y. Sept. 20, 2012); *Va. Sur. Co., Inc. v. Macedo*, 2009 WL 3230909, at *11 (D.N.J. Sept. 30, 2009); *Brege v. Lakes Shipping Co., Inc.*, 225 F.R.D. 546, 549 (E.D. Mich. 2004).

[52] *See, e.g., Univalor Tr., SA v. Columbian Petrol., LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016); *Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. 1995); *Vazquez v. Gen. Motors, LLC*, 2018 WL 447644, at *7 (S.D. Fla. Jan. 16, 2018); *Berg v. Nat'l Asset Mgmt. Agency*, 2012 WL 13018419, at *12 (N.D. Ga. July 6, 2012); *Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1102 (D. Haw. 2014); *Mannos v. Moss*, 155 P.3d 1166, 1173 (Idaho 2007); *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. Ct. App. 2005); *Indiana ex rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 981 (N.D. Ind. 2010); *Pinkney v. TBC Corp.*, 2020 WL 1528544, at *7 (D. Kan. Mar. 31, 2020); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017); *Duffie v. Mich. Grp., Inc.–Livingston*, 2016 WL 8259511, at *1 (E.D. Mich. Jan. 15, 2016); *Aziz v. Allstate Ins. Co.*, 2015 WL 13688049, at *2 (E.D. Mo. Feb. 27, 2015); *Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000); *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019); *Hawks v. Brindle*, 275 S.E.2d 277, 282 (N.C. Ct. App. 1981); *Banks v. Nationwide Mut. Fire Ins. Co.*, 2000 WL 1742064, at *5 (Ohio Ct. App. Nov. 28, 2000); *Alsea Veneer, Inc. v. State*, 862 P.2d 95, 100 (D. Or. 1993)); *Manning & Sons Trucking & Util., LLC v. McCarthy Improvement Co.*, 2018 WL 3008990, at *5 (D.S.C. June 14, 2018); *Texas Carpenters Health Ben. Fund v. Philip Morris, Inc.*, 21 F. Supp. 2d 664, 678 (E.D. Tex. 1998); *Thorpe v. Wash. City*, 243 P.3d 500, 507 (Utah Ct. App. 2010); *R.M. Harrison Mech. Corp. v. Decker Indus., Inc.*, 2008 WL 10669311, at *7 (Va. Cir. Ct. Aug. 28, 2008); *Ehlers*, 2020 WL 2218858, at *9; *Mountain State Coll. v. Holsinger*, 742 S.E.2d 94, 103 (W. Va. 2013).

underlies plaintiffs' breach of warranty, negligence, products liability, and consumer protection claims, *see* FAC ¶¶ 232*-70, plaintiffs' unjust enrichment claims fail as a matter of law. *In re Apple*, 802 F. Supp. 2d at 1077.

The unjust enrichment claims of plaintiffs[53] in Alabama, Connecticut, Florida, Georgia, Idaho, Illinois, Maryland, Michigan, New Jersey, New York, Ohio, Pennsylvania, Utah, and West Virginia also fail because these plaintiffs bought some or all product from third parties, not Olaplex. In these states, plaintiffs claiming unjust enrichment must allege that they have a sufficient relationship with and conferred a direct benefit on the defendant. *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, 2011 WL 2893629, at *6 (M.D. Ala. July 19, 2011).[54] Such a showing is not possible where, as here, plaintiffs purchased products from third party retailers. *See, e.g.*, *Miller*, 2016 WL 11246420, at *8-9; *Demaria*, 2016 WL 374145, at *13; *Schechner*, 237 F. Supp. 3d at 618.

Additionally, for plaintiffs[55] in Connecticut, Louisiana, New Jersey, and

---

[53] Albahae, Aranjo, Arcadi, Auriana, Ball, Broderick, Burket-Murphy, Bowen, Burkhart, Cogle, Courtney, Dahan, Daley-Derry, Eisen, Fontenot, Freeman, Garon, Georgeson, Hoff, James, Jones, Keehner, Letizia, Lewis, Lobdell, Luciano, McCormack, Mendez, Morgan, Murphy, Orr, Pate, Petty, Pilicy-Ryan, P.J., Reddish, Register, Riccio, Rife, Roemer, Shay, Siddiquei, Sigmon, Singer, Sobiech, Sterlacci, Talerico, Thomas, Tocco, Urresti, Witts, Vogt, Yeager, Zavatone. FAC ¶¶ 7-107.

[54] *Granito v. Int'l Bus. Machs.*, 2003 WL 1963161, at *2 (Conn. Super. Ct. Apr. 16, 2003); *Peoples Nat'l Bank of Com. v. First Union Nat'l Bank of Fla., N.A.*, 667 So.2d 876, 879 (Fla. Dist. Ct. App. 1996); *Archer v. Holmes*, 2018 WL 534475, at *5 (N.D. Ga. Jan. 23, 2018), *reconsideration denied*, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018); *Amos v. Brew Dr. Kombucha, LLC*, 2020 WL 9889190, at *4 (D. Or. Mar. 23, 2020) (ID); *Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, at *13 (N.D. Ill. Feb. 1, 2016); *Bank of Am. Corp. v. Gibbons*, 918 A.2d 565, 570 (Md. Ct. Spec. App. 2007); *Schechner*, 237 F. Supp. 3d at 617-18; *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011); *Kaye v. Grossman*, 202 F.3d 611, 615-16 (2d Cir. 2000); *Miller v. Kent Nutrition Grp., Inc.*, 2016 WL 11246420, at *8-9 (N.D. Ohio Sept. 16, 2016); *Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 721 (E.D. Pa. 2013); *Sec. Sys., Inc v. Alder Holdings, LLC*, 421 F. Supp. 3d 1186, 1193 (D. Utah 2019); *Hyundai Emigration Corp. v. Empower-Visa, Inc.*, 2009 WL 10687986, at *7 (E.D. Va. June 17, 2009); *Johnson v. Ross*, 419 F. App'x 357, 361-62 (4th Cir. 2011) (W. Va.).

[55] Aranjo, Fontenot, Freeman, Georgeson, Huval, Lobdell, Pilicy-Ryan, Riccio,

Ohio, the unjust enrichment claims are preempted by state product liability statutes. *See, e.g., Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 916-18 (N.D. Ill. 2013) (dismissing Connecticut, Louisiana, New Jersey, and Ohio claims).

## CONCLUSION

For the foregoing reasons, all of plaintiffs' claims must be dismissed.

Dated: April 17, 2023

CROWELL & MORING LLP

By: *Jennifer S. Romano*

Jennifer S. Romano
Sigourney R. Haylock
Cheryl A. Falvey (Admitted *pro hac vice*)
Rachel P. Raphael (Admitted *pro hac vice*)
Hilary Johnson (Admitted *pro hac vice*)

Attorneys for Defendant
OLAPLEX Holdings, Inc.

Siddiquei, Talerico, Witts, Yeager, and Zavatone. FAC ¶¶ 7-107.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-30-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Olaplex Holdings, Inc. certifies that this brief contains 11,344 words and 30 pages, which complies with the page limit set by the Honorable R. Gary Klausner's order dated April 4, 2023 (ECF No. 64).

Dated: April 17, 2023                    CROWELL & MORING LLP

                                         By: *Jennifer S. Romano*

                                         Jennifer S. Romano
                                         Sigourney R. Haylock
                                         Cheryl A. Falvey (Admitted *pro hac vice*)
                                         Rachel P. Raphael (Admitted *pro hac vice*)
                                         Hilary Johnson (Admitted *pro hac vice*)

                                         Attorneys for Defendant
                                         OLAPLEX Holdings, Inc.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-31-

OLAPLEX'S MPA IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; CASE NO. 2:23-CV-00982-RGK-PLA