# EXHIBIT A

Amy E. Davis (*admitted pro hac vice*)
LAW CENTER OF AMY E. DAVIS, LLC
1021 N. Bishop Ave.
Dallas, TX 75208
Telephone: (214) 838-3501
adavis@cdfirm.com

Steve Calamusa (*admitted pro hac vice*)
Geoff S. Stahl (*admitted pro hac vice*)
Rachel Bentley (*admitted pro hac vice*)
Gordon & Partners, P.A.
4114 Northlake Blvd.
Palm Beach Gardens, FL 33410
Telephone: 561-799-5070
SCalamusa@fortheinjured.com
GStahl@fortheinjured.com
RBentley@fortheinjured.com

DAVID E. ROSEN (SBN 155385)
Email: drosen@murphyrosen.com
MURPHY ROSEN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: (310) 899-3300
Facsimile: (310) 399-7201

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ALBAHAE, et al, <br><br> **Plaintiffs,** <br><br> v. <br><br> OLAPLEX HOLDINGS, INC. AND COSWAY CO., INC., <br><br> **Defendants.** | CASE NO. 2:23-cv-00982-RGK-PLA <br><br> Hon. R. Gary Klausner <br><br> **[PROPOSED] PLAINTIFFS' SUR-REPLY IN OPPOSITION TO OLAPLEX HOLDINGS, INC'S MOTION TO DISMISS** <br><br> Hearing Date: June 12, 2023 <br> Hearing Time: 9:00 a.m. <br> Hearing Ctrm: 850; 8th Floor <br> Discovery Cut-Off: N/A <br> Scheduling Conference: May 22, 2023 <br> Trial: N/A <br> Action Filed: February 9, 2023 |

Plaintiffs Michelle Albahae, Chelsea Aranjo, Megan Arcadi, Jessica Auriana, Juliette Ball, Chelsea Balmer, Rebecca Barnhouse, Tiffany Berry, Donna Bowen, Ashley Branning, Emma Broderick, Joanne Brown, Heather Burkett-Murphy, Holly Burkhart, Hilary Cecile, Mackenzie Cogle, Ashley Courtney, Angelina da Gama, Sarah Dahan, Hope Daley-Derry, Robin Daniels, Roxanna De la Cruz, Katherine Donnelly, Brianda Earle, Monica Easily, Jacob Eisen, Michelle Estrada, Sandra Ferguson, Amanda Fontenot, Denisha Freeman, Heather Garon, Jennifer Georgeson, Alana Green, Nicole Hoff, Monica Hollifield individually and on behalf of S. H., Lauren Hudson, Tiffany Huval, Aleha Ingle, Heather Jackson, Khila James, Kat Johnston, Jessica Jones individually and on behalf of P. J., Eunice Kahler, Tanya Karakasheva, Kathleen Keehner, Liza Krengel, Anna Kurilova, Julia Leon, Kristie Letizia, Tina Lewis, Laura Llewellyn, Stacey Lobdell, Llasmin Lozoya, Lyana Luciano, Kim Marietta, Theresa McCormack, Leslie McDonald, Lisa Mendez, Jill Mooshagian, Jennifer Morgan, Amanda Murphy, Jessica Nguyen, Leslie Orr, Heather Passmore, Sylva Pate, Sara Petty, Danielle Phelps, Erica Pilicy-Ryan, Robin Poston, Nicole Quenga, Melinda Quinn, Charity Reddish, Natalie Register, Jean Riccio, Sarah Richardson, Heather Rife, Alexa Roemer, Felicia Sanchez, Amy Shay, Farzana Siddiquei, Danielle Sigmon, Rhiannon Singer, Jodi Sobiech, Maria Sokolova, Debra Sterlacci, Miecha Isys Thomas, Vanessa Tocco, Noel Talerico, Marina Tolic, Leslie Tolstoy, Alexandra Urresti, Rebekah Valentine, Tanya Vallejo, Jerrika Vega, Christina Ventor, Robin Vogt, Terri Witts, Robin Yeager and Maureen Zavatone (collectively, "Plaintiffs") file this Sur-Reply in Opposition to the Rule 12(b)(6) Motion to Dismiss (the "Motion") filed by Olaplex Holdings, Inc. ("Olaplex") and respectfully state as follows:

# ARGUMENT AND AUTHORITIES

Without addressing its violation of the page limitation rules and its effort to squeeze arguments into footnotes, in its Reply in Support of its Motion to Dismiss ("Reply), ECF 85, Olaplex wrongly contends Plaintiffs failed to address certain issues raised in the Motion to Dismiss, particularly Olaplex's request (in a footnote) to dismiss Plaintiffs' claim for punitive damages (Mem. in Support of Mot. to Dismiss, ECF 45, 24[1] n.38) and arguments asserted by Olaplex under the law of states other than California that Plaintiffs have failed to adequately plead a safer, alternative design (Mem. 46-47), that certain warranty, product liability and negligence claims are preempted by state product liability status or subsumed by other claims (Mem. 44, 47-48, 50-52), and that Plaintiffs may not assert standalone product liability, gross negligence or common law warranty claims (Mem. 44, 47-48). Reply 21-22. Olaplex incorrectly concludes that Plaintiffs have wavied its opposition to these arguments. *Id.* (*citing Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013)).

However, Plaintiffs contest each of these issues and cited its reason for doing so in their Response. With regard to Olaplex's punitive damages argument, Plaintiffs allege that any challenge by Olaplex to this element of Plaintiffs' damages was a legal nullity because Olaplex failed to stay within the page limits of its Memorandum and, thus, its impermissable argument in only a textual footnote was without merit. Resp. 14 n.5. With regard to arguments made by Olaplex under

---

[1] Page citations are made to the ECF pagination found at the top right hand side of the filings.

the laws of any but California law, Plaintiffs point out what is indisputable: Olaplex wholly failed to establish that California law should be displaced, which is its burden as the party seeking to apply foreign law. Resp. 12-13 (citing *Holt v. Globalinx Pet, LLC*, 2013 WL 3947169, at *9 (C.D. Cal. July 30, 2013) (Carter, J). Although Olaplex omits it from its papers, here again, Olaplex attempted to evade the page limits for its brief by incorporating by reference over fifteen pages of briefing and a chart from another filing, in its motion to sever. Mem. n.12) (citing ECF 72-1, 14-21 and Ex. A).

Where it is clear a party has not abandoned its claim, the Court should refrain from finding the issue waived and, should instead, conduct the same analysis to determine whether judgment is justified as a matter of law. *See Jones v. Wong*, No. 215CV0734TLNACP, 2018 WL 2297056, at *7 (E.D. Cal. May 21, 2018), report and recommendation adopted, No. 2:15-CV-00734-TLN-AC, 2018 WL 4698316 (E.D. Cal. Sept. 28, 2018). As noted in the *Jones* opinion, courts often evauate the merits of an argument even when there is no discussion at all in opposition. *Id.* n. 6. Indeed, the Jones opinion cites the case on which Olaplex primarily relies as an example. *Id.* (noting *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) holds "[w]here plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived," but "consider[s] the claim anyway").

Plaintiffs stand firmly on their argument that Olaplex has failed to meet its burden to displace California law and, therefore, has failed to establish a right to judgment as a matter of law applying the law of other states.

Plaintiffs, likewise, contend that Olaplex failed to raise an argument that punitive damages was placed at issue merely by referencencing the notion in an impemissble textual footnote. Nevertheless, in an abundance of caution, Plaintiffs address the merits of this argument.

I. **Plaintiff Need Only Plead Allegations from Which the Court May Infer Olaplex Acted Willfully and With Conscious Disregard of Plaintiffs' Safety**

Under California law, punitive damages are available where the factfinder concludes any tortious conduct was committed with malice or by oppression or fraud. *Bose v. Wahl Clipper Corp.,* No. CV1106087MMMSHX, 2012 WL 12861186, at *5 (C.D. Cal. Mar. 29, 2012). The standard applies to any tort, specifically product liability claims. *Id.* The standard is not incompatible with an unintentional tort as the term malice, for example, includes not just conduct committed with malicious intent, but also conduct showing conscious disregard of the probability that the conduct will result in injury to others. *Id.*

Under California punitive damages law, malice means, among other things, despicable conduct carried on by the defendant with a willful and conscious disregard of the rights and safety of others. Cal. Code Civ. Proc. § 3294(a). Similarly, oppression is defined as despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. *Id.* Fraud means an intention misrepresentation, deceit or concealment of material fact known to the defendant made with the intention of depriving a person of property or legal rights or otherwise causing injury. *Id.*

II. **Plaintiffs Have Pleaded Intentional and Wantonly Reckless Conduct That Olaplex Knew or Should Have Known Was Likely to Cause Severe Injury to Plaintiffs and Other Consumers**

Plaintiffs have plead many allegations supporting a finding of malice, oppression or fraud:

- o The Products are defective as a result of the design. FAC ¶ 267. Olaplex designs and markets the Products. FAC ¶ 266. The design is dangerous in its use of ingredients ***known*** to be irritants, sensitizers and carcinogens. FAC ¶¶ 119-120, 124. Olaplex used the irritants,

5
PLAINTIFFS' SUR-REPLY IN OPPOSITION TO OLAPLEX HOLDINGS, INC.'S MOTION TO DISMISS

- sensitizers and carcinogens despite safer alternatives in order to maximize profits and to the detriment of consumers. FAC ¶ 267.
- o The Products are defective due to inadequate and unsafe warning, including the (1) failure to warn and even concealment of Olaplex's use of known irritants, sensitizers and carcinogens, and (2) instructions to use the Products to the exclusion of other brands and for long or indefinite periods of time. FAC ¶ 268.
- o The Products are defective due to inadequate testing and study and/or the failure to act on or report the results of such tests and studies. FAC ¶ 269. Olaplex intentionally failed to perform research or testing consistent with applicable industry and scientific standards before placing the Products on the market. FAC ¶ 260. T
- o Olaplex knew, or in the exercise of reasonable care should have know, that the Products present an unacceptable risk to consumers, and would result in damages that were foreseeable and reasonably avoidable. FAC ¶ 262.

In each instance where Olaplex's conduct fell below the applicable standard of care, its conduct was intentional and undertaken with knowledge that its acts or omissions were reckless and likely to lead to serious and long lasting injury to consumers. FAC ¶ 263.

### III. Any Doubt as To Whether Plaintiffs' Pleadings Are Sufficient Should be Resolved in Favor of Plaintiffs

Again, at the motion to dismiss stage, Plaintiffs are given the benefit of doubt for every factual allegations as well as every reasonable inference to be drawn from the allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007)). The pleading standard is further relaxed when it comes to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have

personal knowledge. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also TRC & Assocs.*, 2013 U.S. Dist. LEXIS 163903, at *17-21. That is true even when Rule 9(b) would otherwise apply. *Id.*

Intent, awareness and attitude are states of mind known particularly by Olaplex at this stage in the litigation. Thus, any doubt as to whether Plaintiffs' pleadings are sufficient should be resolved in favor of Plaintiffs. *See Neubronner*, 6 F.3d at 672.

## CONCLUSION AND PRAYER

For these reasons, Plaintiffs respectfully request the Court deny Olaplex's Motion to Dismiss and for such other and further relief to which they may be entitled.

Dated: June ___, 2023

        Respectfully submitted,

        LAW CENTER OF AMY E. DAVIS, LLC

        By:   /s/ *Amy E. Davis*

            Amy E. Davis (*admitted pro hac vice*)
            1021 N. Bishop Ave.
            Dallas, TX 75208
            adavis@cdfirm.com

        GORDON & PARTNERS, P.A.
            Steve Calamusa (*admitted pro hac vice*)
            Geoff S. Stahl (*admitted pro hac vice*)
            Rachel Bentley (*admitted pro hac vice*)
            4114 Northlake Blvd.

Palm Beach Gardens, FL 33410

Telephone: 561-799-5070

SCalamusa@fortheinjured.com

GStahl@fortheinjured.com

RBentley@fortheinjured.com

MURPHY ROSEN LLP

David E. Rosen (SBN 155385)

Email: drosen@murphyrosen.com

100 Wilshire Boulevard, Suite 1300

Santa Monica, California 90401-1142

Telephone: (310) 899-3300

Facsimile: (310) 399-7201

*Attorneys for Plaintiffs*

### **CERTIFICATE OF SERVICE**

I certify that on the ___ day of ____ 2023, I served the foregoing document on all counsel of record via ECF.

By: */s/ Amy E. Davis*_____

### **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains _____ words and ___ pages, which complies with the word limit of L.R. 11-6.1 and the page limit set by the Honorable R. Gary Klausner's Standing Order.

By: */s/ Amy E. Davis*_____