Jennifer S. Romano (State Bar No. 195953)
JRomano@crowell.com
Sigourney R. Haylock (State Bar No. 318195)
SHaylock@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Cheryl A. Falvey (Admitted *pro hac vice*)
CFalvey@crowell.com
Rachel P. Raphael (Admitted *pro hac vice*)
RRaphael@crowell.com
Hilary Johnson (Admitted *pro hac vice*)
HJohnson@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2975
Facsimile: (202) 628-5116

*Attorneys for Defendant*
OLAPLEX Holdings, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ALBAHAE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC. and COSWAY CO., INC.,<br><br>Defendants. | Case No. 2:23-cv-00982-RGK-PLA<br><br>**OLAPLEX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OLAPLEX'S MOTION TO DISMISS**<br><br>Hearing Date: June 12, 2023<br>Hearing Time: 9:00 AM<br>Action Filed: February 9, 2023<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

CROWELL & MORING LLP
ATTORNEYS AT LAW

OLAPLEX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OLAPLEX'S MOTION TO DISMISS; CASE NO. 2:23-CV-00982-RGK-PLA

## I. INTRODUCTION

Plaintiffs fail to establish that they are entitled to file a sur-reply in opposition to Olaplex's motion to dismiss. ***First***, there is no valid reason for a sur-reply because Olaplex did not raise any new facts or legal arguments that Plaintiffs did not have the opportunity to address in their initial opposition brief. ***Second***, Plaintiffs cannot use a proposed sur-reply to argue, for the first time, that their punitive damages allegations are sufficient to survive dismissal. And regardless, Plaintiffs' most recent filing only confirms that they fail to adequately plead punitive damages. ***Third***, despite seeking extraordinary relief to address the arguments they waived, Plaintiffs merely regurgitate the positions they took in their earlier brief.

## II. ARGUMENT

### A. Plaintiffs Lack Good Cause for Leave to File A Sur-Reply.

Courts disfavor sur-replies absent a showing of good cause. *See Rowland v. Beard*, 2018 WL 4372795, at *2 (E.D. Cal. Sept. 12, 2018) (granting motion to strike sur-reply). Good cause for leave to file a sur-reply may exist where the "movant raises *new arguments* in its reply brief," but not where the sur-reply "merely pos[es] the same or additional arguments in opposition to the motion to dismiss." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (emphasis added) (striking sur-reply for lack of good cause). Here, Plaintiffs do not argue that Olaplex raised any new facts or legal issues in its reply brief. Instead, Plaintiffs seek leave to file a sur-reply to argue that their failure to address some of Olaplex's motion to dismiss arguments was not a waiver. Pls' Mot. for Leave ("Mot."), ECF No. 88 at 3. Plaintiffs do not cite any authority to justify a sur-reply in these circumstances, nor can they, because a belated attempt to avoid waiver is not grounds to permit a sur-reply. *See, e.g.*, *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 4427490, at *1 n.1 (N.D. Cal. Aug. 22, 2016) (denying motion for leave to file a sur-reply on the issue of waiver for lack of good cause).

CROWELL & MORING LLP
ATTORNEYS AT LAW

-2-

OLAPLEX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OLAPLEX'S MOTION TO DISMISS; CASE NO. 2:23-CV-00982-RGK-PLA

By their own admission, there is nothing new in Plaintiffs' sur-reply to justify good cause.

### B. Plaintiffs Should Not Be Granted Extraordinary Relief to Remedy Their Failure To Address Olaplex's Punitive Damages Argument.

Plaintiffs admit that they were aware of Olaplex's argument regarding punitive damages, but they deliberately and expressly chose not to respond to it. ECF No. 76 at 6 n.5; ECF No. 88-1 at 3. Plaintiffs are not entitled to a sur-reply to do so now.

Regardless, Plaintiffs' assertions in their proposed sur-reply only confirm that Plaintiffs do not plead facts sufficient to support punitive damages. *See* ECF No. 88-1 at 5-6. To plead a right to punitive damages, a plaintiff must adequately allege facts to plausibly suggest that the defendant acted with "fraud, malice or oppression." *Bouncing Angels, Inc. v. Burlington Ins. Co.*, 2017 WL 1294004, at *2 (C.D. Cal. Mar. 20, 2017); *see also Kinkade v. Trojan Express LLC*, 2009 WL 799390, at *5 (C.D. Cal. Mar. 23, 2009) (striking punitive damages request for failure to sufficiently plead oppression, fraud, or malice). Here, Plaintiffs list several allegations from their First Amended Complaint to support their punitive damages claim (ECF No. 88-1 at 5-6), but none establish oppression, fraud or malice. At most, Plaintiffs allege Olaplex's conduct was "intentional," which is not the standard for punitive damages. *Id.*

### C. Plaintiffs Do Not Address the Arguments for Which They Claim They Need a Sur-Reply.

Plaintiffs' pretense for seeking leave to file a sur-reply is to address Olaplex's arguments under the laws of other states, *i.e.*, that Plaintiffs "failed to adequately plead a safer, alternative design[;] that certain warranty, product liability and negligence claims are preempted by state product liability status or subsumed by other claims[;] and that Plaintiffs may not assert standalone product liability, gross negligence or common law warranty claims[.]" *id*. at 3 (internal citations

CROWELL & MORING LLP
ATTORNEYS AT LAW

-3-

OLAPLEX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OLAPLEX'S MOTION TO DISMISS; CASE NO. 2:23-CV-00982-RGK-PLA

omitted). Yet, Plaintiffs' proposed sur-reply fails yet again to engage in any of these arguments.

Plaintiffs seemingly contend that this Court should conduct the analysis for them, citing *Jones v. Wong*, 2018 WL 2297056, at *7 (E.D. Cal. May 21, 2018), *report and recommendation adopted*, 2018 WL 4698316 (E.D. Cal. Sept. 28, 2018). ECF No. 88-1 at 4. *Jones* does not support Plaintiffs' position. In *Jones*, unlike here, the plaintiff *did* address the issues in contention in his opposition brief. In addition, in *Jones*, the court merely stated "even if . . . plaintiff failed to address the arguments" made in favor of dismissal, the court was not *required* to dismiss the complaint "without considering whether it in fact states a claim[.]" *Jones*, 2018 WL 2297056, at *7 n.6; *see also Novalk, LLC, v. Sedgwick*, 2021 WL 4125999, at *4 (S.D. Cal. Sept. 9, 2021) (granting motion to dismiss and holding that "where the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived.").

Instead of addressing Olaplex's arguments, Plaintiffs simply assert that they "contest" these issues, they have "cited [their] reason for doing so *in their Response*," and they "stand firmly" on arguments they claim *they already made*. ECF No. 88-1 at 3-4 (emphasis added). Plaintiffs' improper attempt to seek extraordinary relief to remind this Court of arguments they claim to have already made should be denied.

## III.   CONCLUSION

For the foregoing reasons, Olaplex asks this Court to deny Plaintiffs' motion for leave to file a sur-reply (ECF No. 88).

-4-

OLAPLEX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OLAPLEX'S MOTION TO DISMISS; CASE NO. 2:23-CV-00982-RGK-PLA

CROWELL & MORING LLP
ATTORNEYS AT LAW

Dated: June 5, 2023

Respectfully submitted,

CROWELL & MORING LLP

By: */s/ Jennifer S. Romano*

Jennifer S. Romano
Sigourney R. Haylock
Cheryl A. Falvey (Admitted *pro hac vice*)
Rachel P. Raphael (Admitted *pro hac vice*)
Hilary Johnson (Admitted *pro hac vice*)

Attorneys for Defendant
OLAPLEX Holdings, Inc

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Olaplex Holdings, Inc. certifies that this brief contains 916 words and 3 pages, which complies the word limit of L.R. 11-6.1 and the page limit set by the Honorable R. Gary Klausner's Standing Order.

Dated: June 5, 2023

CROWELL & MORING LLP

By: */s/ Jennifer S. Romano*
Jennifer S. Romano
Sigourney R. Haylock
Cheryl A. Falvey (Admitted *pro hac vice*)
Rachel P. Raphael (Admitted *pro hac vice*)
Hilary Johnson (Admitted *pro hac vice*)

Attorneys for Defendant
OLAPLEX Holdings, Inc.

-5-

OLAPLEX HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OLAPLEX'S MOTION TO DISMISS; CASE NO. 2:23-CV-00982-RGK-PLA