UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | June 15, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:

Not Present                                   Not Present

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Sever [DE 72]

## I. INTRODUCTION

On March 2, 2023, Michelle Albahae and 100 other individuals ("Plaintiffs") filed the operative First Amended Complaint ("FAC") against Olaplex Holdings, Inc. ("Olaplex") and Cosway Co., Inc. ("Cosway"; collectively, "Defendants"). (ECF No. 43.) Plaintiffs assert six claims: (1) Breach of Express Warranty; (2) Breach of Implied Warranty; (3) Violation of California's False Advertising Law under Cal. Bus. & Prof. Code §§ 17500, *et seq.* and California's Unfair Competition Statute under Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) Negligence and/or Gross Negligence; (5) Product Liability and Strict Product Liability; and (6) Unjust Enrichment. These claims arise from alleged injuries Plaintiffs received from using Defendants' haircare products.

On April 17, 2023, Olaplex filed a Motion to Sever and Dismiss all non-California Plaintiffs' claims. (ECF No. 72.) For the reasons discussed below, the Court finds that severance is appropriate, but **ORDERS** Olaplex and Plaintiffs to **SHOW CAUSE IN WRITING** why the Court should or should not sever and dismiss all plaintiffs, except Michelle Albahae, from the action.

## II. FACTUAL BACKGROUND

The following facts are alleged in the Complaint:

Olaplex is a prominent international haircare product company that sells products manufactured by Cosway. Plaintiffs are a group of 101 individual consumers comprising 12 California residents and 89 residents of 29 different states and 5 different countries.

Plaintiffs first became aware of Defendants' haircare products through Olaplex's international marketing campaign, which primarily utilized social media, influencers, and website marketing. Over a period of approximately six years, Plaintiffs purchased and used varying combinations of nine of Defendants' products. During this time, Plaintiffs suffered a range of injuries including hair loss, hair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | June 15, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

damage, itchiness, pain, fungus, facial damage/allergic dermatitis, loss of menstrual cycle, depression, headaches, and other mental health conditions. These injuries were caused by Defendants' products, which contain harmful levels of lilial, panthenol, sodium benzoate, citric acid, non-water-soluble substances, glycol, and other plasticizing agents.

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 21, a party may motion the court at any time to drop a misjoined party. Because Rule 21 provides no standards to determine if parties are misjoined, courts look to Rule 20 for guidance. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citing *Pan Am World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975)). In other words, where the plaintiffs' claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences," or there is not at least one common question of law or fact linking all claims, courts will generally find that the parties are misjoined. *See* Fed. R. Civ. P. 20. When it comes to severance, the decision to do so is squarely within the broad discretion of the district court. *See Wynn v. NBC*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).

### IV.   DISCUSSION

Olaplex moves to sever and dismiss the non-California Plaintiffs from the lawsuit on the grounds that (1) the non-California Plaintiffs' claims do not arise from the same transaction or occurrence; (2) Plaintiffs' claims lack a common question of law and fact; and (3) the interests of justice and fundamental fairness require severance. The Court agrees as to the first ground.

This Court has previously considered similar motions to sever claims. In *Dunbar*, twenty-nine plaintiffs sought damages for faulty medical device implants. *Dunbar v. Medtronic, Inc.*, 2014 U.S. Dist. LEXIS 94918 (C.D. Cal. June 25, 2014). Noting that the plaintiffs hailed from eighteen different states and had received their implants at different times over a ten-year period, this Court found that there was no common transaction or occurrence, despite the plaintiffs receiving an implant of the same medical device. *Id.* at *6–7. Likewise, in *Wanke*, this Court also granted a motion to sever the claims of plaintiffs who had received identical medical device implants, noting that the plaintiffs received them at different times, had varying medical histories, and to which various state laws applied. *Wanke v. Invasix, Inc.*, 2019 U.S. Dist. LEXIS 227742, at *7 (C.D. Cal. Aug. 7, 2019).

For the same reasons we granted severance in *Dunbar* and *Wanke*, the Court finds severance justified here. Plaintiffs allege they were injured by Defendants' haircare products, but the products used, when they were used, and injuries alleged vary substantially. The present case concerns a line of nine different hair products used in varying combinations over the course of six years. Indeed, these facts point towards an even less shared transaction or occurrence than those in *Dunbar* and *Wanke*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | June 15, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

where the Court found there was not a same transaction or occurrence despite the plaintiffs in both cases receiving the same implant. The differences between those cases and the present matter weigh even more heavily in the direction of severance.

Nonetheless, Plaintiffs contend that the Court should not follow *Dunbar* and *Wanke*, arguing that (1) those holdings are limited to cases involving medical devices, and (2) *Collazo*, a case similarly involving haircare products, counsels against severance. Both arguments fail.

First, *Dunbar* and *Wanke* are not limited to cases involving medical devices or prescription drugs. To support this contention, Plaintiffs rely on *Flauta*, which they claim "acknowledged these holdings to be limited to other prescription drug and medical device cases." (*See* Pls.' Opp'n to Olaplex's Mot. to Sever at 14, ECF No. 74.) Plaintiffs misstate the rule. *Flauta* merely notes that "courts . . . have found joinder inappropriate when based only on allegations that all plaintiffs ingested the same drug or used the same medical device manufactured by the defendants and suffered similar injuries." *Flauta v. Johnson & Johnson*, 2013 U.S. Dist. LEXIS 198392, at *4 (C.D. Cal. Jan. 10, 2013). The court in *Flauta* found joinder improper not merely because the facts were of a medical nature, but because use of the same device or drug and accompanying injuries were insufficient to establish same transaction or occurrence. *Id*. at *9. For this reason, *Flauta* does not preclude this court from finding that Plaintiffs' claims do not arise from the same transaction or occurrence, even if there is no medical device or prescription drug present. Plaintiffs also cite a concession from the defendant's motion in *Wanke* to assert that holdings from medical cases finding joinder improper are limited to medical subject matter. However, a party's concession in another case is of little, if any weight, particularly when the Court made no such finding in *Wanke*.

Second, *Collazo* never addressed the same transaction or occurrence requirement. In *Collazo*, the court considered a motion to join 509 additional plaintiffs to an existing action of 129 plaintiffs alleging various injuries from the use of a haircare product line. *Collazo v. Wen by Chaz Dean, Inc.*, 2017 U.S. Dist. LEXIS 238843, at *14 (C.D. Cal. April 26, 2017). Despite the similar facts in *Collazo*, our decisions in *Wanke* and *Dunbar* are more germane to the present case. In *Collazo*, the court did not consider the same transaction or occurrence requirement because it was not disputed by either party. Since this case concerns that requirement, this Court's decisions in *Dunbar* and *Wanke* are more salient here.

Having found that Plaintiffs' claims do not arise out of the same transaction or occurrence, the Court finds severance and dismissal to be proper. However, whereas Olaplex asks that the Court only severs and dismisses the non-California Plaintiffs, given the Court's conclusion that none of the Plaintiffs' claims arise out of the same transaction or occurrence, the Court questions why it should not instead sever and dismiss all Plaintiffs except the first named Plaintiff, Michelle Albahae.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | June 15, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

### V.     CONCLUSION

Accordingly, the Court **ORDERS** Olaplex and Plaintiffs to **SHOW CAUSE IN WRITING** by June 26, 2023 why the Court should or should not sever and dismiss all plaintiffs, except Michelle Albahae, from the action. The parties' filings must be no more than **5 pages** in length.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |