Amy E. Davis (*admitted pro hac vice*)
LAW CENTER OF AMY E. DAVIS, LLC
1021 N. Bishop Ave.
Dallas, TX 75208
Telephone: (214) 838-3501
adavis@cdfirm.com

Steve Calamusa (*admitted pro hac vice*)
Geoff S. Stahl (*admitted pro hac vice*)
Rachel Bentley (*admitted pro hac vice*)
Gordon & Partners, P.A.
4114 Northlake Blvd.
Palm Beach Gardens, FL 33410
Telephone: 561-799-5070
SCalamusa@fortheinjured.com
GStahl@fortheinjured.com
RBentley@fortheinjured.com

DAVID E. ROSEN (SBN 155385)
Email: drosen@murphyrosen.com
MURPHY ROSEN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: (310) 899-3300
Facsimile: (310) 399-7201

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ALBAHAE, et al, <br><br> Plaintiffs, <br><br> v. <br><br> OLAPLEX HOLDINGS, INC. AND COSWAY CO., INC., <br><br> Defendants. | CASE NO. 2:23-cv-00982-RGK-PLA <br><br> Hon. R. Gary Klausner <br><br> **PLAINTIFFS' RESPONSE TO COURT'S SHOW CAUSE ORDER CONCERNING OLAPLEX HOLDINGS, INC.'S MOTION TO SEVER** <br><br> Hearing Date: N/A <br> Hearing Time: N/A <br> Hearing Ctrm: N/A <br> Discovery Cut-Off: N/A <br> Scheduling Conference: May 22, 2023 <br> Trial: N/A <br> Action Filed: February 9, 2023 |

1

Plaintiffs Michelle Albahae, Chelsea Aranjo, Megan Arcadi, Jessica Auriana, Juliette Ball, Chelsea Balmer, Rebecca Barnhouse, Tiffany Berry, Donna Bowen, Ashley Branning, Emma Broderick, Joanne Brown, Heather Burkett-Murphy, Holly Burkhart, Hilary Cecile, Mackenzie Cogle, Ashley Courtney, Angelina da Gama, Sarah Dahan, Hope Daley-Derry, Robin Daniels, Roxanna De la Cruz, Katherine Donnelly, Brianda Earle, Monica Easily, Jacob Eisen, Michelle Estrada, Sandra Ferguson, Amanda Fontenot, Denisha Freeman, Heather Garon, Jennifer Georgeson, Alana Green, Nicole Hoff, Monica Hollifield individually and on behalf of S. H., Lauren Hudson, Tiffany Huval, Aleha Ingle, Heather Jackson, Khila James, Kat Johnston, Jessica Jones individually and on behalf of P. J., Eunice Kahler, Tanya Karakasheva, Kathleen Keehner, Liza Krengel, Anna Kurilova, Julia Leon, Kristie Letizia, Tina Lewis, Laura Llewellyn, Stacey Lobdell, Llasmin Lozoya, Lyana Luciano, Kim Marietta, Theresa McCormack, Leslie McDonald, Lisa Mendez, Jill Mooshagian, Jennifer Morgan, Amanda Murphy, Jessica Nguyen, Leslie Orr, Heather Passmore, Sylva Pate, Sara Petty, Danielle Phelps, Erica Pilicy-Ryan, Robin Poston, Nicole Quenga, Melinda Quinn, Charity Reddish, Natalie Register, Jean Riccio, Sarah Richardson, Heather Rife, Alexa Roemer, Felicia Sanchez, Amy Shay, Farzana Siddiquei, Danielle Sigmon, Rhiannon Singer, Jodi Sobiech, Maria Sokolova, Debra Sterlacci, Miecha Isys Thomas, Vanessa Tocco, Noel Talerico, Marina Tolic, Leslie Tolstoy, Alexandra Urresti, Rebekah Valentine, Tanya Vallejo, Jerrika Vega, Christina Ventor, Robin Vogt, Terri Witts, Robin Yeager and Maureen Zavatone (collectively, "Plaintiffs") file this Response to the Court's Order to Show Cause Concerning the Motion to Sever and Dismiss (the "Motion") filed by Olaplex Holdings, Inc. ("Olaplex") and respectfully state as follows:

On June 16, 2023, the Court issued a show cause order, requiring that Plaintiffs explain why the Court should not sever Plaintiffs' claims. ECF 93.

The Court should not sever the claims because (1) governing Federal Rule of Civil Procedure 20(a)(1) is to be construed liberally to prevent multiple lawsuits; and (2) this Court has previously found the only practical, orderly, court and cost efficient course in nearly identical circumstances[1] and, thus, to hold otherwise creates confusion in the Central District for future litigants in multi-claimant suits and creates the real risk that hotly disputed issues common to all Plaintiffs, including general causation, will be decided inconsistently. Furthermore, because Plaintiffs' claims require engagement of experts whose costs are very high relative to the amount at issue for any individual Plaintiff, the Court's decision to sever Plaintiffs' claims could be dispositive. For this reason, the Court should err on the side of joinder when exercising its discretion.

Rule 20(a) is to be "construed liberally in order promote trial convenience and to expedite final determination of disputes, *thereby preventing multiple lawsuits*." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997) (emphasis added). "[J]oinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1996).

For these reasons and others, in the *Collazo* opinion, this Court's brethren jurist found a collective action was the only practical course, noting, in particular: "If Plaintiffs' motion to (sic) leave were denied, Plaintiffs would be forced to file hundreds of separate lawsuits" and "conduct hundreds of individualized discovery

---

[1] *See Collazo, et al., v. WEN By Chaz Dean, Inc., et al.*, 2017 WL 11747630 (C.D. Cal. Apr. 26, 2017) (Wright, J.) (hereinafter the "*Collazo* opinion").

requests" which the Court found "extremely inefficient despite the numerous commonalities among the Plaintiffs."  2017 WL 11747630, *5. The Court concluded, "it is more efficient . . . for the cases to proceed together, particularly for purposes of pretrial discovery" and "[joinder of plaintiffs]—who share core similarities with each other and with the [existing plaintiffs]—makes resolution of the case more efficient, not more confusing." *Id.*

In its Order, the Court dismisses the *Collazo* opinion on the mistaken belief it "never addressed the same transaction or occurrence requirement" because the issue was not disputed by the parties.  ECF 93, p. 3. But the defendants in that case did dispute the commonality of factual allegations and, in fact, made the same arguments as does Olaplex: the plaintiffs used different products for different time periods and suffered different injuries of different severity.[2] Nevertheless, the *Collazo* opinion rejects these arguments and expressly concludes, "this [same transaction or occurrence] requirement is satisfied" because "the proposed Plaintiffs' allegations concern the same Wen hair products made with the same ingredients, the advertising for those products, and the same types of injuries . . . ." *Id.* at *2.

Plaintiffs' claims are similar as between them and as compared to the WEN claimants, in particular allegations: (1) plaintiffs used multiple products in the defendant's product line at defendant's instruction, *cf.* FAC ¶¶ 248, 268 and *Collazo*, ECF 131, ¶¶ 1, 6, 727;[3] (2) plaintiffs, in general, suffered the same three types of injuries: scalp/skin irritation; hair loss and hair damages (from which all

---

[2] Case 2:15-cv-01974-ODW-AGR, ECF 66, p. 4-7, attached as Exhibit A.

[3] Case 2:15-cv-01974-ODW-AGR, ECF 131 is attached as Exhibit B

Plaintiffs suffered mental anguish), *cf.* FAC ¶ 143 and *Collazo*, ECF 131, ¶ 8; and (3) plaintiffs were victimized by the same ubiquitous, multimedia, international marketing campaign. *Cf.* FAC ¶¶ 129-137 and *Collazo*, ECF 131, ¶¶ 6, 641, p. 56.

The similarities between Plaintiffs' claims and the allegations in *Collazo* require a consistent ruling. To hold otherwise creates uncertainty for future Central District litigants and erodes the fundamental principles underlying the Rule of Law and *stare decisis*.

The cases on which Olaplex (and the Court's Order) relies are factually distinct. Focusing on *Dunbar* and *Wanke* for brevity's sake, both of these cases involve medical devices implanted or administered by a physician for a medical condition. This necessarily requires an individualized analysis of the medical treatment, underlying medical condition and, because of the learned intermediary doctrine, what the doctor heard and understood in terms of warnings and risks. These same observations apply to the drug cases cited by Olaplex. Plaintiffs, on the other hand, specifically deny having had a related underlying medical condition, and many did not seek medical treatment for their injuries. The inquiry here is instead on the Olaplex products and advertisement—issues common to all Plaintiffs.

In addition to the inefficiencies and impracticalities noted in the *Collazo* opinion, severing the claims creates the real risk that the many fervently disputed issues common to all Plaintiffs—such as general causation and actionability of certain misrepresentations to name only two—will be decided inconsistently. This outcome should be equally feared by Plaintiffs and Olaplex. But worse, as occurs if this Court declines to follow the *Collazo* opinion, it erodes the judicial system as a whole.

Finally, requiring hundreds of separate lawsuits may be dispositive. Plaintiffs' claims require engagement of causation experts at great expense. This expense can be shared among Plaintiffs if they are allowed to proceed collectively. But separate

suits may require separate expert discovery (disclosures, reports and depositions, among other things) even if related to common issues, like general causation, which will result in extremely high costs, per case, relative to the amount at issue for any individual Plaintiff. Since these expenses may not be fully recoverable, even if a Plaintiff prevails in her claim, public policy also supports joinder of these cases. Indeed, some Plaintiffs may be unable to pursue a claim if expert fees consume any potential judgment amount, despite the merits of the claim. As noted in the Order, the Court has great discretion in ruling on the Motion to sever. For this reason—and to fulfill the purpose of Rule 20(a), in general, the Court should err on the side of joinder when exercising its discretion.

This is particularly true where, as here, Plaintiffs propose their claims be tried using the Bellwhether method, followed, if necessary, by additional mini-trials. This eliminates any prejudice to Olaplex. It also means that, while Plaintiffs may be unable to pursue their claims at all or, at the very least, will suffer much greater expense and inefficiency, Olaplex gains nothing by severing Plaintiffs' claims: it will be preparing and presenting the same defenses—propounding the same discovery, deposing and, at trial, cross examining the same witnesses—whether or not the claims proceed jointly.

Plaintiffs met and conferred with Olaplex as to the question posed by the Court to Olaplex: which claims should survive in this lawsuit should the Court grant the Motion. Olaplex did not yet have a position on the matter. Thus, while Plaintiffs acknowledge the apparent inconsistency in Olaplex's argument that the claims are highly individualized but that the Court should sever all but the California Plaintiffs' claims, they are unable to join or rebut any proposal by Olaplex in that regard.

## **CONCLUSION AND PRAYER**

For these reasons, Plaintiffs respectfully request the Court deny Olaplex's motion to sever and to dismiss and for such other and further relief to which they may be entitled.

Dated: June 26, 2023

Respectfully submitted,

LAW CENTER OF AMY E. DAVIS, LLC

By:  /s/ Amy E. Davis

Amy E. Davis (*admitted pro hac vice*)
1021 N. Bishop Ave.
Dallas, TX 75208
adavis@cdfirm.com

GORDON & PARTNERS, P.A.
Steve Calamusa (*admitted pro hac vice*)
Geoff S. Stahl (*admitted pro hac vice*)
Rachel Bentley (*admitted pro hac vice*)
4114 Northlake Blvd.
Palm Beach Gardens, FL 33410
Telephone: 561-799-5070
SCalamusa@fortheinjured.com
GStahl@fortheinjured.com
RBentley@fortheinjured.com

MURPHY ROSEN LLP
David E. Rosen (SBN 155385)
Email: drosen@murphyrosen.com
100 Wilshire Boulevard, Suite 1300
Santa Monica, California  90401-1142
Telephone:  (310) 899-3300
Facsimile:  (310) 399-7201
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on the 26th day of June, 2023, I served the foregoing document on all counsel of record via ECF.

By: /s/ Amy E. Davis