Jennifer S. Romano (State Bar No. 195953)
JRomano@crowell.com
Sigourney R. Haylock (State Bar No. 318195)
SHaylock@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Cheryl A. Falvey (Admitted *pro hac vice*)
CFalvey@crowell.com
Rachel P. Raphael (Admitted *pro hac vice*)
RRaphael@crowell.com
Hilary Johnson (Admitted *pro hac vice*)
HJohnson@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2975
Facsimile: (202) 628-5116

*Attorneys for Defendant*
OLAPLEX Holdings, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE ALBAHAE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC. and COSWAY CO., INC.,<br><br>Defendants. | Case No. 2:23-cv-00982-RGK-PLA<br><br>**OLAPLEX HOLDINGS, INC.'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE RE MOTION TO SEVER AND DISMISS**<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br><br>Action Filed: February 9, 2023<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

On June 15, 2023, the Court issued an Order on the Motion to Sever ("MTS") filed by Olaplex Holdings, Inc. ("Olaplex"), MTS, ECF No. 72, in which it held that Plaintiffs' claims do not arise out of the same transaction or occurrence, and that severance and dismissal is proper. MTS Order, ECF No. 93 at 3. In that Order, the Court asked Olaplex and Plaintiffs to show cause as to why the Court should or should not sever and dismiss the claims of all misjoined Plaintiffs (as opposed to only the non-California Plaintiffs). *Id.* at 4.

Olaplex agrees with the Court that severance and dismissal of *all* misjoined Plaintiffs and claims is proper. For the following reasons, Olaplex asserts that the most appropriate remedy in these circumstances is for the Court to (1) sever the claims of all Plaintiffs, and (2) dismiss the claims of all but Plaintiff Michelle Estrada (the first-named California Plaintiff allegedly domiciled within the Central District), without prejudice to the other Plaintiffs' rights to file individually in their home jurisdictions.[1]

***First***, Rule 21 of the Federal Rules of Civil Procedure contemplates "flexibility in curing misjoinder," *Helm v. Alderwoods Grp. Inc.*, 2011 WL 2837411, at *2 (N.D. Cal. July 18, 2011), and the Court has "considerable discretion" in selecting the proper remedy. *Bravado Int'l Grp. Merch. Servs. v. Cha*, 2010 WL 2650432, at *5 (C.D. Cal. June 30, 2010). One common solution is to "dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs[.]" *Grijalva v. Kevin Mason, P.A.*, 2019 WL 13027072, at *1 (C.D. Cal. Dec. 30, 2019) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). However, Rule 21 provides more broadly that the Court may drop any "party" that is misjoined. Fed. R. Civ. P. 21. Depending on the circumstances, this may include dismissal of the "first-named" plaintiff. *See Milton*

---

[1] Even though the claims of all of the Plaintiffs are misjoined, Olaplex recognizes the efficiencies and avoidance of duplication of labor that might be achieved by coordinating discovery among the individual cases to the extent they are re-filed, particularly those that are properly re-filed in this District.

-1- OLAPLEX'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE RE MOTION TO SEVER AND DISMISS; CASE NO. 2:23-CV-00982-RGK-PLA

*v. California*, 2022 WL 17978802, at *10 (N.D. Cal. Dec. 28, 2022) (dismissing misjoined plaintiffs, including the first-named plaintiff); *see also Jaffe v. LSI Corp.*, 2012 WL 12921304 (N.D. Cal. Dec. 19, 2012) (dismissing misjoined defendants, including the first-named defendant).

**Second**, because Plaintiffs in this matter are listed alphabetically by last name in the case caption, the first-named Plaintiff is Michelle Albahae. According to the operative complaint, Plaintiff Albahae is "a citizen of Florida, residing in Tamarac, Florida," First Am. Compl. ("FAC") ¶ 7, and her claims should be dismissed along with the other non-California Plaintiffs, without prejudice to refiling their claims individually in their home jurisdictions.[2] *Dunbar v. Medtronic, Inc.*, 2014 WL 3056081, at *3 (C.D. Cal., June 25, 2014) (J. Klausner) (dismissing claims of non-California plaintiffs without prejudice to refile in the proper venue); *Mowell v. Bayer Healthcare Pharms., Inc.*, 2014 WL 12930945, at *2 (C.D. Cal. July 11, 2014) (severing claims and dismissing plaintiffs to refile "in the appropriate venues"); *Acfalle v. Directtv, Inc.*, 2014 WL 12738214, at *6 (C.D. Cal., July 22, 2014) (dismissing non-California plaintiffs without prejudice to re-filing "in their home states or in neighboring states."). Instead, the Plaintiff who should remain in this case is the first-named *California* Plaintiff domiciled within the Central District—the first-named Plaintiff whose claims are appropriately before this Court—Michelle Estrada. FAC ¶ 33 ("a citizen of California, residing in Fontana, California"); *Mowell*, 2014 WL 12930945, at *2 (dismissing all plaintiffs, including the first-named plaintiff, except for the first plaintiff "who is a citizen of California and domiciled within the Central District").

Accordingly, and for the reasons stated above, Olaplex respectfully submits that the Court should sever all Plaintiffs' claims and dismiss all but the first-named California plaintiff domiciled in the Central District, Michelle Estrada, without

---

[2] In the event the Court finds it is not appropriate to dismiss Ms. Albahae's claims, Olaplex anticipates moving to transfer her claims to the Southern District of Florida.

prejudice to refiling their individual cases in the proper jurisdictions.

Dated: June 26, 2023

CROWELL & MORING LLP

By: *Jennifer S. Romano*

Jennifer S. Romano
Sigourney R. Haylock
Cheryl A. Falvey (Admitted *pro hac vice*)
Rachel P. Raphael (Admitted *pro hac vice*)
Hilary Johnson (Admitted *pro hac vice*)

Attorneys for Defendant
OLAPLEX Holdings, Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Olaplex Holdings, Inc., certifies that this brief contains 701 words and 3 pages, which complies with the word limit of L.R. 11-6.1 and the page limits set by the Honorable R. Gary Klausner's Standing Order and Order to Show Cause, ECF No. 93.

Dated: June 26, 2023

CROWELL & MORING LLP

By: *Jennifer S. Romano*

Jennifer S. Romano
Sigourney R. Haylock
Cheryl A. Falvey (Admitted *pro hac vice*)
Rachel P. Raphael (Admitted *pro hac vice*)
Hilary Johnson (Admitted *pro hac vice*)

Attorneys for Defendant
OLAPLEX Holdings, Inc.