UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | July 11, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Olaplex's Motion to Sever [DE 72]; Olaplex's Motion to Dismiss [DE 71]; and Cosway's Motion to Dismiss [DE 66]

On March 2, 2023, Michelle Albahae ("Albahae") and 100 other individuals ("Plaintiffs") filed the operative First Amended Complaint ("FAC") against Olaplex Holdings, Inc. ("Olaplex") and Cosway Co., Inc. ("Cosway"; collectively, "Defendants"). (ECF No. 43.) Plaintiffs assert six claims: (1) Breach of Express Warranty; (2) Breach of Implied Warranty; (3) Violation of California's False Advertising Law under Cal. Bus. & Prof. Code §§ 17500, *et seq.* and California's Unfair Competition Statute under Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) Negligence and/or Gross Negligence; (5) Product Liability and Strict Product Liability; and (6) Unjust Enrichment. These claims arise from alleged injuries incurred using Defendants' haircare products.

Presently before the Court are Olaplex's Motion to Sever (ECF No. 72), Olaplex's Motion to Dismiss (ECF No. 71), and Cosway's Motion to Dismiss (ECF No. 66). For the following reasons, the Court **GRANTS** Olaplex's Motion to Sever and **GRANTS in part** Olaplex's Motion to Dismiss, and **DENIES as moot** Cosway's Motion to Dismiss.

**I.     SEVERANCE**

On April 17, 2023, Olaplex filed its Motion to Sever and Dismiss all non-California Plaintiffs' claims. On June 15, 2023, the Court issued an order explaining that severance appeared appropriate for *all* Plaintiffs rather than just the non-California Plaintiffs because the Plaintiffs' claims do not arise from the same transaction or occurrence. (Order Re: Def.'s Mot. to Sever, ECF No. 93.) Accordingly, the Court ordered Olaplex and Plaintiffs to show cause in writing why the Court should or should not sever and dismiss all Plaintiffs, except Albahae, from the action. (*Id.*)

The parties submitted briefs in response. Plaintiffs renew their arguments that severance is improper, inviting the Court to rely on *Collazo v. WEN By Chaz Dean, Inc.*, which found joinder proper for hundreds of plaintiffs in a case that similarly involved claims involving a variety of haircare products. 2017 WL 11747630 (C.D. Cal. Apr. 26, 2017). However, as the Court previously explained,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | July 11, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

*Collazo* is distinguishable given that neither party in that case disputed whether the plaintiffs' claims arose from the same transaction or occurrence. (Order Re: Def.'s Mot. to Sever at 3.) The fact that *Collazo*, with no party argument to the contrary, found in a single sentence that the requirement was satisfied, and a result, that joinder was proper, is of little consequence.

Nevertheless, Plaintiffs argue that severance in this case would lead to inconsistent rulings and thereby "erode[ ] the fundamental principles underlying the Rule of Law and *stare decisis*." (Pls.' Resp. to Court's Show Cause Order at 5, ECF No. 94.) Plaintiffs' fears are unfounded. *Collazo* was decided by another court in this district. "Although, of course, decisions by other judges in this district are persuasive, they are not binding on *this* Court." *Gonzales v. Gov't Emps. Ins. Co. Inc.*, 2021 WL 4805199, at *5 (C.D. Cal. Aug. 30, 2021) (emphasis original). Though *Collazo* is a persuasive authority, it does not rob this Court of its obligation to exercise its own independent discretion by applying the law to the facts of the case. *See Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002) ("A determination on the question of joinder of parties lies within the discretion of the district court.") (quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).

Olaplex argues that complete severance is appropriate, but asks that rather than sever all but Albahae, a Florida citizen, the Court should instead sever all but Michelle Estrada, the first-named California citizen. When severance of all plaintiffs is appropriate, courts typically dismiss all but the first-named plaintiff. *See, e.g., Milton v. California*, 2022 WL 17977802, at *10 (N.D. Cal. Dec. 28, 2022). However, courts may instead choose to sever the first-named plaintiff in favor of another, particularly when the court would provide an inconvenient forum for the first-named plaintiff. *See Mowell v. Bayer Healthcare Pharms., Inc.*, 2014 WL 12930945, at *1–2 (C.D. Cal. July 11, 2014) (severing and dismissing the first-named plaintiff in favor of a California citizen domiciled within the Central District). Here, while Albahae is a citizen and resident of Florida, it has not yet been established that this Court would be so inconvenient to warrant transfer. Thus, the Court declines to sever Albahae's claims in favor of Michelle Estrada's.

Accordingly, the Court **GRANTS** Olaplex's Motion to Sever and thereby **SEVERS and DISMISSES** all Plaintiffs except for Albahae. The dismissal is **without prejudice** to Plaintiffs refiling their actions in the appropriate venues.

**II.    DISMISSAL**

In addition to Olaplex's Motion to Sever, both Defendants filed separate Motions to Dismiss, challenging the sufficiency of the FAC on numerous grounds. One of these grounds was under Federal Rule of Civil Procedure 8(a), through which Olaplex argues that the FAC should be dismissed in its entirety for failure to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Specifically, Olaplex argues that the FAC is a "shotgun" pleading containing an "unclear mass of allegations" "replete with 'immaterial facts not obviously connected to any particular cause of action.'" *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00982-RGK-PLA | Date | July 11, 2023 |
|---|---|---|---|
| Title | *Michelle Albahae, et al. v. Olaplex Holdings, Inc. et al.* | | |

June 30, 2010); *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, 2022 WL 17330467, at *15–16 (S.D. Cal. Nov. 29, 2022). Indeed, the FAC weighs in at over 130 pages and nearly 300 paragraphs. While this might have been reasonable at the outset with 101 Plaintiffs, that is no longer the case. As discussed above, all Plaintiffs but Albahae must be severed. As a result of this severance, hundreds of paragraphs are no longer relevant to the claims at issue. Likewise, many of the arguments raised in both Defendants' Motions to Dismiss are no longer relevant either.

Accordingly, the Court **GRANTS in part** Olaplex's Motion to Dismiss and thereby **DISMISSES without prejudice** the FAC in its entirety pursuant to Rule 8(a). Albahae shall have until July 31, 2023 to file any amended complaint. The Court further **DENIES as moot** Olaplex and Cosway's Motions to Dismiss to the extent not addressed herein.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Olaplex's Motion to Sever and thereby **SEVERS and DISMISSES** all Plaintiffs except for Albahae. The dismissal is **without prejudice** to Plaintiffs refiling their actions in the appropriate venues. The Court also **GRANTS in part** Olaplex's Motion to Dismiss and thereby **DISMISSES without prejudice** the FAC in its entirety pursuant to Rule 8(a). Albahae shall have until July 31, 2023 to file any amended complaint. The Court further **DENIES as moot** Olaplex and Cosway's Motions to Dismiss to the extent not addressed herein.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |